SHARTSIS FRIESE LLP
JOEL ZELDIN (Bar #51874)
FRANK A. CIALONE (Bar #172816)
SANJEET S. GANJAM (Bar #285615)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111-3598
Telephone: (415) 421-6500
Facsimile: (415) 421-2922

Attorneys for Plaintiff LTC (BVI) LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND COURTHOUSE

| | |
|---|---|
| LTC (BVI) LIMITED, a British Virgin Islands limited company,<br><br>Plaintiff,<br><br>v.<br><br>BRAUNHAGEY & BORDEN LLP, a limited liability partnership, and DOES 1 through 20,<br><br>Defendants. | Case No. 4:22-cv-03481-YGR<br><br>**LTC (BVI) LIMITED'S NOTICE OF MOTION AND MOTION TO REMAND AND FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. §1447(C); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: August 16, 2022<br>Time: 2:00 PM<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Dept: Courtroom 1 – 4th Floor<br>1301 Clay Street,<br>Oakland, California<br><br>Compl. Filed: May 4, 2022<br>Compl. Removed: June 13, 2022 |

**NOTICE OF MOTION AND MOTION**

**TO DEFENDANT AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 16, 2022 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the United States District Court for the Northern District of California, Oakland Courthouse, located at 1301 Clay Street, Oakland, California 94612, Plaintiff LTC (BVI) LIMITED ("LTC"), will and hereby does move for an order, pursuant to 28 U.S.C. section 1447(c), (1) remanding this action to the Superior Court of California, County of San Francisco, where it was originally filed before being improperly removed, and (2) awarding LTC its attorneys' fees incurred in connection with this motion.

This Motion is made on the following grounds:

1. Removal of LTC's Complaint from the Superior Court of California, which Defendant BRAUNHAGEY & BORDEN LLP ("BHB"), a law firm located in San Francisco, based solely on diversity jurisdiction under 28 U.S.C. section 1332(a), was improper because BHB is a citizen of California. Under 28 U.S.C. section 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if . . . defendant[] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

2. Under 28 U.S.C. section 1447(c), the Court is authorized to and should award LTC the attorneys' fees it incurred to bring this Motion, which is a "just cost[] and any actual expense[]" incurred by LTC as a result of BHB's improper removal and refusal to stipulate to remand without an objectively reasonable basis. *Id.* § 1447(c)

3. Also pursuant to its authority under 28 U.S.C. section 1447(c), the Court should award LTC the attorneys' fees it incurs to oppose BHB's Motion for Judgment on the Pleadings ("MJOP"). *Id.* BHB apparently thought it could gain an unfair tactical advantage by filing a MJOP before LTC's deadline to seek remand and having it heard before a decision on LTC's Motion to Remand. During meet and confer, LTC informed BHB that it would be filing a Motion to Remand and asked for a short delay on the MJOP until a decision on the Motion to Remand so LTC could avoid incurring the expense of opposing the MJOP. BHB refused and insisted on retaining the briefing schedule on its MJOP, even though it was under no deadline to file a MJOP and would

have incurred no prejudice from a short delay. BHB's gamesmanship and failure to comply with this Court's directive "highly encourage[ing]" a moving party to consult with opposing counsel before filing such a motion has caused LTC to incur unnecessary fees in opposing BHB's accelerated MJOP. Hon. Yvonne Gonzalez Rogers Scheduling Notes, available at https://apps.cand.uscourts.gov/CEO/cfd.aspx?7145#Notes.

This Motion is based upon the following supporting Memorandum, the Declaration of Sanjeet S. Ganjam, the Declaration of James M. Schwarz, and the Proposed Order, all submitted herewith; the pleadings, records, and files in this action; all other matters of which the Court is permitted to take judicial notice; and any oral or written evidence or argument that the Court may consider at or before the hearing on this Motion.

Dated: July 12, 2022                         SHARTSIS FRIESE LLP

                                             */s/ Sanjeet S. Ganjam*
                                       By:   SANJEET S. GANJAM

                                             Attorneys for Plaintiff LTC (BVI) LIMITED

**TABLE OF CONTENTS**

Page

I. STATEMENT OF ISSUES TO BE DECIDED ................................................................... 1

II. INTRODUCTION ............................................................................................................... 1

III. STATEMENT OF RELEVANT FACTS ........................................................................... 3
    A. LTC's Complaint Against BHB ............................................................................. 3
    B. BHB's Citizenship ................................................................................................. 4
    C. The SPA .................................................................................................................. 4
    D. Meet And Confer Regarding The Removal .......................................................... 5

IV. ARGUMENT ...................................................................................................................... 6
    A. Legal Standard ....................................................................................................... 6
    B. BHB's Removal Is Prohibited By The Forum Defendant Rule ............................. 6
    C. BHB's Argument In Support Of Removal Not Only Lacks Merit But Is Also Objectively Unreasonable. ............................................................................. 6
        1. The SPA does not and cannot confer federal jurisdiction ........................... 7
        2. BHB, a nonparty to the SPA, cannot enforce the SPA's forum selection clause against LTC. ...................................................................... 7
    D. LTC Should Be Awarded Its Attorneys' Fees. ...................................................... 9

V. CONCLUSION ................................................................................................................. 11

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ................................................................................................5

*Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*,
  456 U.S. 694 (1982) ..............................................................................................................7

*Magnoliadrhomes LLC v. Kahn*,
  2021 U.S. Dist. LEXIS 144173 (N.D. Cal. Aug. 2, 2021) ....................................................9

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005) ..............................................................................................................9

*Mendoza v. Yu*,
  2022 U.S. Dist. LEXIS 443 (N.D. Cal. Jan. 3, 2022) ...........................................................6

*Notorious B.I.G. LLC v. Hutson*,
  2014 U.S. Dist. LEXIS 194905 (C.D. Cal. July 3, 2014) .....................................................8

*Pack v. Hoge Fenton Jones & Appel, Inc.*,
  2012 U.S. Dist. LEXIS 174331 (N.D. Cal. Dec. 7, 2012) ....................................................9

*Paracor Fin., Inc. v. GE Capital Corp.*,
  96 F.3d 1151 (9th Cir. 1996) ................................................................................................9

*Singer v. State Farm Mut. Auto. Ins. Co.*,
  116 F.3d 373 (9th Cir. 1997) ............................................................................................7, 8

**FEDERAL STATUTES**

28 U.S.C. § 1441(b)(2) ...............................................................................................................1, 5

28 U.S.C. § 1447(c) ....................................................................................................................1, 9

**RULES**

Fed. R. Civ. Proc. 12(c) ..................................................................................................................2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should remand this action to San Francisco Superior Court on the ground that Defendant BRAUNHAGEY & BORDEN LLP's ("BHB") removal based solely on diversity jurisdiction from the Superior Court of California—the state in which BHB is a citizen and where it is subject to general jurisdiction—was improper under 28 U.S.C. section 1441(b)(2).

2. Whether the Court should award Plaintiff LTC (BVI) LIMITED ("LTC") its attorneys' fees incurred in connection with bringing and prosecuting this motion pursuant to 28 U.S.C. section 1447(c).

## II. INTRODUCTION

LTC's Complaint states a cause of action for negligence against BHB for failing to exercise reasonable care to secure its communications with LTC, which allowed perpetrators to impersonate BHB staff to steal approximately $2.8 million from LTC. Those funds were earmarked for LTC's investment in Outdoorsy, Inc. ("Outdoorsy"), as part of that company's 2021 fundraising round held in California. BHB, a California law firm, represented Outdoorsy in that transaction and facilitated the exchange of deal documents and LTC's transfer of funds. During that transaction, perpetrators penetrated BHB's email system, intercepted deal communications between LTC and BHB, impersonated BHB attorneys and staff in emails and a telephone call, communicated with LTC via the genuine "braunhagey.com" email address of a member of BHB's deal team, and provided LTC with fraudulent wire instructions for the closing. LTC believed that the perpetrators' communications were genuine and wired approximately $2.8 million to the bank account provided in those instructions. Outdoorsy never received those funds.

BHB's removal of this action is improper under the long-standing "forum defendant rule" codified in 28 U.S.C. section 1441(b)(2), which prohibits removal by a defendant based on diversity jurisdiction when any defendant is a citizen of the state in which the action was filed. 28 U.S.C. § 1441(b)(2). This action was brought in the Superior Court of California, the state in which BHB is a citizen and where it is subject to general jurisdiction. ECF No. 1 (Notice of Removal) ¶ 11. There is no basis for removal and the Court should instead remand this action back to the San

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Francisco Superior Court where it was originally filed.

BHB argues without basis that removal is proper because (1) this action supposedly arises out of or is based upon the Stock Purchase Agreement ("SPA") between LTC with Outdoorsy and (2) the SPA's forum selection and venue clause supposedly requires LTC to file all claims arising out of or based upon the SPA in the Northern District of California. In addition to the fact that BHB is neither a party to nor a third-party beneficiary of the SPA, BHB is wrong on both counts. That clause plainly provides that disputes can be brought in <u>either</u> the "<u>the state courts of California or</u> the United States District Court for the Northern District of California." ECF No. 1-2 (BHB's Answer), Ex. 1 (the SPA) § 6.15 (emphasis added). It does not require claims to be brought in federal court, and in any event such a requirement would not be enforceable because parties cannot consent to or confer federal subject matter jurisdiction by agreement. Rather, the SPA gives the choice of forum to the filing party, and LTC chose state court.

Moreover, this action does not arise out of, nor is it based upon, the SPA. Other than that the stolen funds were intended for the purchase of equity in Outdoorsy, this action has nothing to do with the SPA. BHB is not a party to the SPA and the adjudication of this action does not implicate any provision in the SPA or any duty owed by the parties to the SPA to each other, nor does it affect the underlying transaction in any way.

The Court should award LTC its attorneys' fees incurred to bring this Motion in the amount of at least **$11,812.50** because BHB's removal was objectively unreasonable. BHB's Notice of Removal conspicuously fails to address why it is entitled to remove notwithstanding the forum defendant rule. The Notice of Removal also deceptively omits the portion of the SPA's forum selection clause permitting claims to be brought in state <u>or</u> federal court in California. LTC attempted to meet and confer with BHB before bringing this Motion, but BHB curtly declined to stipulate to remand without identifying any authority supporting its baseless arguments.

Additionally, the Court should disregard BHB's pending Motion for Judgment on the Pleadings brought under Federal Rule of Civil Procedure ("Rule") 12(c) (the "MJOP"). The removal and the MJOP are no more than attempts at procedural arbitrage by BHB: to take advantage of the Court's discretion under Rule 12(c) to consider documents referenced in the complaint or

- 2 -

attached to BHB's answer without moving for summary judgment. The MJOP in part seeks adjudication of whether BHB owed a duty to LTC (*i.e.*, whether the harm was foreseeable) and whether LTC's damages were proximately caused by BHB. These issues, however, raise genuine disputes of material facts. In support, BHB relies on matters wholly outside the Complaint, including unauthenticated documents attached to BHB's unverified answer and an attorney declaration filed in support of the MJOP. Such matters, which are presented without context and before any discovery, are presumptively disregarded on a demurrer or motion for judgment on the pleadings under the California Code of Civil Procedure. The Court should not reward BHB's forum-shopping by deciding the MJOP; instead, it should remand the action to San Francisco Superior Court where it belongs.

### III.   STATEMENT OF RELEVANT FACTS

#### A.   LTC's Complaint Against BHB

LTC is an investor and investment manager. Complaint ¶ 1. In 2021, LTC sought to make a sizeable equity investment in Outdoorsy, a technology startup based in California. *Id*. After LTC and Outdoorsy reached an agreement as to the basic terms of LTC's equity investment in Outdoorsy, Outdoorsy's outside counsel, BHB, took over to manage the exchange of the SPA and other transaction documents and to close the purchase. *Id*.

BHB personnel failed to use a secure data room for the exchange of closing documents and information and instead utilized unsecured emails. *Id*. ¶ 2. LTC is informed and believes that unknown perpetrators took advantage of BHB's compromised email systems, including taking control of the email account of BHB's main paralegal involved in the transaction, to "spoof," *i.e.*, mimic, the email accounts of BHB's attorneys and staff. *Id*. From there, the perpetrators launched a "man in the middle attack" on LTC: they intercepted deal communications between LTC and BHB, impersonated BHB attorneys and staff in emails and a telephone call and substituted in fraudulent wire instructions for the closing. *Id*. LTC believed that the perpetrators' communications were genuine and wired approximately $2.8 million dollars to the bank account the perpetrators provided in fraudulent wire instructions that purported to come from BHB. *Id*. Outdoorsy never received those funds. *Id*.

Not only did BHB fail to secure its email systems, but it also failed to identify the fraud for weeks—by which time the perpetrators had absconded with approximately $2.8 million dollars of LTC's funds so that it was too late for the banks and law enforcement to cancel the transaction. *Id*. ¶ 3. LTC has been unable to recover those funds. *Id*. As a result, LTC has suffered damages in the amount of at least $2.8 million dollars, plus reasonable expenses LTC incurred to try to recover the stolen funds. *Id*. ¶ 4. This attack would not have happened or been possible but for BHB's failure to exercise reasonable care, including but not limited to safeguarding its email systems by utilizing common-place fraud prevention procedures, implementing basic checks to detect wire fraud, identifying a cyber-attack on its email systems, promptly notifying all interested parties of a cyber-attack on its email systems, and using a secure electronic data room in lieu of email to transmit confidential documents. *Id*.

### B. BHB's Citizenship

BHB is a citizen of California. ECF No. 1 (Notice of Removal) ¶ 11. BHB is a California limited liability partnership with its principal place of business in San Francisco, California. *Id*. It has partners domiciled in California. *Id*.

### C. The SPA

The parties to the SPA are LTC and Outdoorsy. *Id.* ¶ 18 and ECF No. 1-2 (BHB's Answer), Ex. 1 (the SPA). BHB is <u>not</u> a party to the SPA. *Id*.

Section 6.15 of the SPA ("Section 6.15") contains a standard forum and venue selection clause, which provides in full:

> 6.15 Dispute Resolution. <u>The parties</u> (a) <u>hereby irrevocably and unconditionally submit to the jurisdiction of the state courts of California</u> **and** to the jurisdiction of the United States District Court for the Northern District of California <u>for the purpose of any suit, action or other proceeding arising out of or based upon this Agreement</u>, (b) <u>agree not to commence any suit, action or other proceeding arising out of or based upon this Agreement except in the state courts of California</u> **or** the United States District Court for the Northern District of California, and (c) hereby waive, and agree not to assert, by way of motion, as a defense, or otherwise, in any such suit, action or proceeding, any claim that it is not subject personally to the jurisdiction of the foregoing courts, that its property is exempt or immune from attachment or execution, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is improper or that this Agreement or the subject matter hereof may not be enforced in or by such court.

- 4 -

ECF No. 1-2 (BHB's Answer), Ex. 1 (the SPA) § 6.15 (emphasis added).  This clause requires suits "arising out of or based upon" the SPA to be filed in <u>either</u> California state court <u>or</u> in the United States District Court for the Northern District of California.  It does not apply to a claim against a non-party like BHB for breaching its standard of care.

### D. Meet And Confer Regarding The Removal

On April 21, 2022, LTC provided a copy of the Complaint in this action to BHB in an attempt to resolve the dispute before filing suit.  Declaration of Sanjeet S. Ganjam in Support of LTC (BVI) Limited's Notice of Motion and Motion to Remand and for Attorneys' Fees Pursuant to 28 U.S.C. §1447(C) ("Ganjam Dec.") ¶ 2.  Those efforts were unsuccessful, so on May 4, 2022, LTC filed the Complaint in the Superior Court of California, County of San Francisco, the court in which BHB is subject to general jurisdiction.  ECF No. 1-1 (Complaint).

BHB did not meet and confer with or provide any notice to LTC before seeking removal on June 13, 2022.  Ganjam Dec. ¶ 2.

On July 1, 2022, LTC wrote to BHB requesting that BHB stipulate to remand on the basis of the forum defendant rule and the plain meaning of Section 6.15 of the SPA, which allows for suits to be filed in either state court or federal court, setting aside whether that provision even applies to the parties' current dispute.  Ganjam Dec.") ¶ 2 and Ex. A.  LTC emphasized that BHB's removal was not objectively reasonable under the circumstances and, if BHB declined to stipulate to remand, that LTC intended to seek attorneys' fees incurred to obtain a remand.  *Id*. ¶ 3.  BHB responded on July 7, 2022, curtly declining to stipulate to remand, without any acknowledgement of the forum defendant rule or any explanation or argument as to why the Court should disregard the plain meaning of Section 6.15.  *Id.* ¶ 4 and Ex. B.

BHB also declined to delay the hearing and briefing on its MJOP, notwithstanding that the common practice in the Northern District of California is to first decide motions to remand before deciding other motions.  *Id.* ¶ 4 and Ex. B.  The timing of BHB's MJOP suggests gamesmanship: an attempt to have it heard before this Motion to Remand.

///

///

## IV.  ARGUMENT

### A.  Legal Standard

Federal courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Federal jurisdiction "must be rejected if there is any doubt as to the right of removal." *Id*.  A "defendant always has the burden of establishing that removal is proper." *Id*.

### B.  BHB's Removal Is Prohibited By The Forum Defendant Rule.

The removal of this action is prohibited under the "forum defendant rule" codified in 28 U.S.C. section 1441(b)(2), which provides in full:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity jurisdiction] <u>may **not** be removed if any of the parties in interest</u> properly joined and served as defendants <u>is a citizen of the State in which such action is brought</u>.

28 U.S.C. § 1441(b)(2) (emphasis added).  "The Ninth Circuit has held that this rule 'confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.'" *Mendoza v. Yu*, 2022 U.S. Dist. LEXIS 443, at *4-5 (N.D. Cal. Jan. 3, 2022) (quoting *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939-40 (9th Cir. 2006)).  "The rationale of the forum defendant rule is that 'removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court' and that 'the need for such protection is absent in cases where the defendant is a citizen of the state in which the case is brought.'" *Id*. (quoting *Lively*, 456 F.3d at 940).

This action was filed in the Superior Court of California, the state in which BHB is a citizen.  ECF No. 1 (Notice of Removal) ¶ 11; ECF No. 1-2 (BHB's Answer) ¶ 2.  BHB's citizenship is not disputed and accordingly, BHB's removal was improper, and the Court should immediately remand this action.

### C.  BHB's Argument In Support Of Removal Not Only Lacks Merit But Is Also Objectively Unreasonable.

BHB argues in its Notice of Removal that this negligence action somehow falls within the scope of the forum selection clause of the SPA and that BHB, while not a party to the SPA, can enforce that clause.  Even if it could, BHB's argument contradicts the plain language of the SPA,

- 6 -

which allows disputes to be brought in either state or federal court in California. This optionality makes sense because parties cannot confer federal subject matter jurisdiction by agreement.

### 1. The SPA does not and cannot confer federal jurisdiction.

Even if the Court decides that this action falls within the scope of the SPA's forum selection clause, BHB's argument is *non sequitur*. Section 6.15 on its face does not require claims to be brought in federal court:

> 6.15 Dispute Resolution. The parties (a) hereby irrevocably and unconditionally submit to the jurisdiction of the state courts of California **and** to the jurisdiction of the United States District Court for the Northern District of California for the purpose of any suit, action or other proceeding arising out of or based upon this Agreement, (b) agree not to commence any suit, action or other proceeding arising out of or based upon this Agreement except in the state courts of California **or** the United States District Court for the Northern District of California . . . .

ECF No. 1-2 (BHB's Answer), Ex. 1 (the SPA) § 6.15 (emphasis added). Section 6.15 is a standard forum selection and venue clause requiring claims to be filed in California, either in state court or in the Northern District of California. The parties are permitted to file a claim in either state or federal court in California. Assuming both courts have jurisdiction, plaintiff has the choice.

It makes sense that Section 6.15 would preserve the option of suing in state or federal court because it is black letter law that parties cannot consent to or confer federal jurisdiction by agreement. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997). Federal subject matter jurisdiction either exists or does not exist. A forum selection clause that actually operates in the way that BHB wishes would not be enforceable because it would purport to require all claims to be brought in federal court, whether or not subject matter jurisdiction exists. *Id*.

### 2. BHB, a nonparty to the SPA, cannot enforce the SPA's forum selection clause against LTC.

Moreover, BHB has no basis to enforce a dispute resolution provision in an agreement to which it is not a party, corporate affiliate or third-party beneficiary and where the claim does not implicate any provision of the agreement or any aspect of the underlying transaction. This action involves BHB's failure to exercise reasonable care to safeguard its confidential communications with LTC, which resulted in perpetrators stealing $2.8 million dollars from LTC. Other than that

the stolen funds were earmarked for payment to Outdoorsy, this general negligence claim has nothing to do with the terms of the underlying transaction contemplated by the SPA. The adjudication of this action does not require the interpretation of any provision in the SPA, implicate any duty owed or affect any aspect of the transaction contemplated by the SPA. BHB provided legal representation to Outdoorsy in the transaction and facilitated the exchange of documents between the parties to the transaction, but was not a party to nor a beneficiary under the SPA. ECF No. 1 (Notice of Removal) ¶ 18 and ECF No. 1-2 (BHB's Answer), Ex. 1 (the SPA).

The two cases BHB cites in its Notice of Removal do not support its argument that the SPA governs this dispute. In *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, the plaintiff filed suit against its domestic counterparty to an exclusive dealership agreement, that counterparty's nonparty European parent and various officers and directors of the corporate entities. 858 F.2d 509, 513 (9th Cir. 1988). The plaintiff alleged that defendants had unlawfully interfered with plaintiff's dealership agreement with the domestic counterparty. *Id*. at 511. The district court dismissed the case, holding that a forum selection clause in the agreement designating Florence, Italy as the forum applied to all defendants. *Id*. at 510. On appeal, the plaintiff argued among other things, that the forum selection clause only applied to the domestic counterparty as the signatory to the agreement and not the nonparty European parent. *Id*. at 514 n.5. The Ninth Circuit rejected the argument, reasoning that the alleged conduct of the European parent was "so closely related to the contractual relationship that the forum selection clause applie[d] to all defendants." *Id*. In short, the enforcement of a forum selection clause by a nonparty requires a close nexus between the allegations against the nonparty and the contractual relationship. In contrast, BHB has no relationship to or involvement in the performance of the SPA, nor has LTC alleged that BHB interfered with the SPA in any way. This action has nothing to do with the contractual relationship between LTC and Outdoorsy or the underlying transaction, which LTC and Outdoorsy have long since completed. Complaint ¶ 44.

The other case cited by BHB, *Notorious B.I.G. LLC v. Hutson*, is unhelpful to BHB's argument. 2014 U.S. Dist. LEXIS 194905 (C.D. Cal. July 3, 2014). That opinion plainly states "non-parties [may] enforce forum-selection clauses, <u>provided that the alleged conduct of the non-</u>

- 8 -

parties is so closely related to the contractual relationship that the forum selection clause applies. A non-party must demonstrate some direct relationship with the contract containing the forum-selection clause or with one of the parties to that contract. Typically, the non-party will be one of the following: (1) a third-party beneficiary to the contract; (2) a successor in interest to the contract; or (3) an agent intended to benefit from the clause." *Id.* at \*8-10 (emphasis added) (internal citations and quotations omitted). BHB has no direct relationship with the contract and derives no benefit from it. It was not an agent authorized to act on behalf of Outdoorsy; if it was, that fact would undercut BHB's argument that it owed no foreseeable duty of care to LTC. See generally, ECF No. 14 (BHB's Motion for Judgment on the Pleadings). The cases involving agents of contracting parties seeking to enforce a forum selection clause are limited to inside agents, *i.e.*, employees, officers or directors of the contracting parties, alleged to have interfered in some way with the contractual relationship. *E.g.*, *Paracor Fin., Inc. v. GE Capital Corp.*, 96 F.3d 1151, 1165 (9th Cir. 1996).

BHB has not cited and LTC has not found any case in which an outside service provider to a contracting party successfully enforced a forum selection clause in a tort claim unrelated to the contract containing the clause.

### D. LTC Should Be Awarded Its Attorneys' Fees.

Courts may award attorneys' fees under 28 U.S.C. section 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[T]he objective reasonableness of removal depends on the clarity of the applicable law and whether such law 'clearly foreclosed' the arguments in support of removal." *Pack v. Hoge Fenton Jones & Appel, Inc.*, 2012 U.S. Dist. LEXIS 174331, at \*9 (N.D. Cal. Dec. 7, 2012) (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008)).

There was no objectively reasonable basis for BHB to remove this action. As discussed above, the long-standing forum defendant rule prohibits removal under the circumstances. BHB's arguments regarding the forum selection clause of the SPA are misleading. Even if it could enforce that clause, which it cannot, that clause does not actually mandate that claims be brought in federal court, contrary to BHB's representation to the Court.

BHB's lack of an objectively reasonable basis for seeking removal is further evidenced by its conduct during meet and confer. LTC previewed all of the reasons removal was defective and supporting authority in a lengthy meet and confer letter. Ganjam Dec. ¶ 3. BHB dismissively responded that the letter did not address "the core fact set forth in BHB's removal papers: namely, that LTC expressly waived its right to contest the federal forum in the SPA." *Id.* ¶ 4 and Ex. B at 1. This argument of course is baffling. Given that Section 6.15 expressly permits claims to be brought in state court, it is BHB that contested forum in violation of that provision.

Accordingly, LTC should be awarded its attorneys' fees to bring this motion in an amount not less than **$11,812.50**. *Id.* ¶ 5. This amount is less than the actual attorney time incurred by LTC as a result of BHB's improper removal as it doers not include the time spent meeting and conferring with BHB or the time that LTC will incur to attend a hearing on this motion. *Id*. This amount is consistent with this Court's awards in other cases involving successful motions to remand. *E.g.*, *Magnoliadrhomes LLC v. Kahn*, 2021 U.S. Dist. LEXIS 144173, at *3 (N.D. Cal. Aug. 2, 2021) (awarding $9,000 (12 hours at $750/hour) for successful motion to remand based on forum defendant rule); *Open Text Inc. v. Beasley*, 2021 U.S. Dist. LEXIS 142814, at *7 (N.D. Cal. July 30, 2021) (ordering remand and awarding $7,786.00).

The Court should also award LTC the attorneys' fees it incurs to oppose BHB's MJOP, an "actual expense[]" resulting from BHB's improper removal. Concurrently with this filing, LTC filed a Motion for Administrative Relief, seeking to continue the hearing and briefing on the MJOP until after a decision as to remand. If the Court does not grant the continuance, LTC will prepare and file an Opposition to the MJOP and submit a declaration setting forth the fees it incurred to do so. If the Court ultimately declines to hear BHB's MJOP because of remand, LTC will have unnecessarily incurred expenses to prepare an opposition to that motion. Those expenses were entirely avoidable had BHB simply stipulated to a brief delay and a reasonable sequencing of the motions. As such, those expenses should be awarded as an "actual expense[]"incurred as a result of BHB's improper removal.

//

//

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 10 -

Case No
4:22-cv-03481-YGR`        LTC'S MOTION TO REMAND AND FOR ATTORNEYS' FEES
PURSUANT TO 28 U.S.C. § 1447(C); MPA

## V. CONCLUSION

For the foregoing reasons, this action should be remanded to the Superior Court of California for the County of San Francisco, and LTC should be awarded its attorneys' fees for bringing this motion.

Dated: July 12, 2022                              SHARTSIS FRIESE LLP

                                                  */s/ Sanjeet S. Ganjam*
                                                  By:   SANJEET S. GANJAM

                                                  Attorneys for Plaintiff LTC (BVI) LIMITED

9252589