UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LTC (BVI) LIMITED,<br><br>   Plaintiff,<br><br>v.<br><br>BRAUNHAGEY & BORDEN LLP,<br>   Defendant. | Case No. 4:22-cv-03481-YGR<br><br>ORDER GRANTING MOTION TO REMAND IN PART; DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AS MOOT<br><br>Re: Dkt. Nos. 14, 17 |

On or around May 4, 2022, plaintiff LTC (BVI) Limited commenced this action against defendant BraunHagey & Borden LLP in San Francisco Superior Court for negligence. The Court assumes the parties' familiarity with the allegations in the complaint. After being properly served with the complaint and joined in the state court action, defendant removed this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). Defendant contends that pursuant to a Stock Purchase Agreement ("SPA"), plaintiff waived and agreed not to contest jurisdiction or venue in this Court.

Now before the Court is plaintiff's motion to remand. Specifically, plaintiff argues that: (1) removal is prohibited under the forum defendant rule; (2) the SPA does not apply to defendant; (3) the SPA does not waive remand; and (4) plaintiff is entitled to $11,812.50 in attorneys' fees on the basis that the removal was objectively unreasonable. Having carefully considered the papers and exhibits submitted in connection with the motion and the pleadings in this action, the Court **ORDERS** that the motion to remand is **GRANTED IN PART** for the reasons explained more fully below.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that the motion is appropriate for decision without oral argument. The hearing was previously vacated.

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). The federal court must remand the action to state court if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). It is not disputed that the removing party has the burden to demonstrate that removal was proper. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

Here, no dispute exists that the parties are diverse and the amount in controversy exceeds $75,000. Instead, plaintiff argues that removal is prohibited under the forum defendant rule codified in 28 U.S.C. § 1441(b)(2)[2]; *Lively v. Wild Oats Markets, Inc*., 456 F.3d 933, 939-40 (9th Cir. 2006) (explaining that the forum defendant rule is a procedural rule that "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state"). Notably, defendant does not dispute that it is a forum defendant that was properly joined and served in the state court. Thus, it is conceded that removal was improper under well-established precedent absent some other basis.

Defendant primarily opposes remand on the grounds that it was a party to the SPA and that plaintiff waived its right to assert the defendant forum rule as a procedural challenge to jurisdiction in the SPA's forum selection clause. Assuming for purposes of argument that defendant can invoke the forum selection clause (which is disputed), defendant has failed to carry its burden that plaintiff waived the forum defendant rule.

As defendant notes, courts have found that the forum defendant rule is procedural and can be waived in a forum selection clause. *See, e.g*., *Maa v. Carnival Corp. & PLC*, No. 2:20-cv-06341-DSF-SK, 2020 WL 5633425, at *4 (C.D. Cal. Sept. 21, 2020); *Uboh v. U.S. Equestrian Found*., 384 F. Supp. 3d 780, 785-86 (E.D. Ky. 2019). Since this premise is not seriously disputed, the Court adopts it for purposes of this motion. However, the forum selection clauses in

---

[2] Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

2

the cases upon which defendant relies are distinguishable. For instance, in *Maa*, the parties' forum selection clause specified that the case "shall be litigated in and before the United States District Courts for the Central District of California in Los Angeles, ***or as to those lawsuits over which the Federal Courts of the United States lack subject matter jurisdiction***, before a court located in Los Angeles County, California, U.S.A. . . . You consent to jurisdiction and waive any objection that may be available to any such action being brought in such courts." *Maa*, 2020 WL 5633425, at *3 (emphasis supplied). It unambiguously established that the default forum is the federal court to the extent subject matter jurisdiction is proper. Similarly, in *Uboh*, the parties' forum selection clause entitled "Consent to jurisdiction and venue" specified that each of the parties "consents to the jurisdiction of the United States District Court for the District of Kentucky, ***or, if such court does not have subject matter jurisdiction over such matter***, the appropriate Commonwealth of Kentucky Court, and [] irrevocably agrees that all actions or proceedings arising out of or relating to this Agreement shall be litigated in such court[.]" 384 F. Supp. 3d at 784 (emphasis supplied). Furthermore, with respect to the "exclusive jurisdiction and venue of aforesaid courts," each party "waives any defense of conveniens or any similar defense." *Id*. Thus, the agreement again unambiguously established the federal court as the default forum to the extent subject matter existed.

Here, the SPA's Dispute Resolution provision makes no reference to exclusive federal court jurisdiction where subject matter is proper, let alone an unambiguous waiver of jurisdictional defects. For context, the whole provision states:

> 6.15 Dispute Resolution. The parties (a) hereby irrevocably and ***unconditionally*** submit to the jurisdiction of the state courts of California ***and*** to the jurisdiction of the United States District Court for the Northern District of California ***for the purpose of any suit***, action or other proceeding arising out of or based upon this Agreement, (b) agree not to commence any suit, action or other proceeding arising out of or based upon this Agreement ***except in the state courts of California or the United States District Court for the Northern District of California***, and (c) hereby waive, and agree not to assert, by way of motion, as a defense, or otherwise, in any such suit, action or proceeding, any claim that it is not subject personally to the jurisdiction of the foregoing courts, that its property is exempt or immune from attachment or execution, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is improper or that this

3

    Agreement or the subject matter hereof may not be enforced in or by such court.

(Notice of Removal, Dkt. No. 1 at ¶ 16 (emphasis supplied)).

    Unlike the provisions outlined in the cases invoked by the defendant, the terms of the forum selection clause unconditionally provide that this District *and* the state courts of California are proper. It also appears that the only waived defenses concern personal jurisdiction, venue, attachment, the inconvenience of the forum (i.e., forum non conveniens), and the enforceability of the SPA and its subject matter. Defendant makes no argument rooted in contract interpretation to suggest that a different result should be reached with respect to subject matter jurisdiction. This is detrimental to defendant's removal since federal courts "strictly construe the removal statute against removal jurisdiction," and federal jurisdiction "must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Since defendant has failed to demonstrate that the defendant forum rule was waived, the motion to remand is **GRANTED**. The pending motion for judgment on the pleadings is denied as **MOOT**.

    As plaintiff's motion notes, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The removal here presents a close question. However, since case law on the waiver of the forum defendant rule is still being developed, the Court does not find removal to be objectively unreasonable and the request for fees is **DENIED**. That said, defense counsel is forewarned. The motion could have resulted in the award of attorneys' fees. The Court will be mindful of any further motions to remand by defense counsel in the future.

    For the reasons discussed above, the Court **GRANTS** the motion to remand for lack of subject matter jurisdiction and **DENIES** the request for attorneys' fees. Defendant's motion for judgment on the pleadings is denied as **MOOT**.

    The Clerk of the Court is **DIRECTED** to close the case and **REMAND** to San Francisco

4

Superior Court.

This Order terminates Docket Numbers 14 and 17.

**IT IS SO ORDERED.**

Dated: August 15, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**