1  SHARTSIS FRIESE LLP
   JOEL ZELDIN (Bar #51874)
2  jzeldin@sflaw.com
   FRANK A. CIALONE (Bar #172816)
3  fcialone@sflaw.com
   SANJEET S. GANJAM (Bar #285615)
4  sganjam@sflaw.com
   One Maritime Plaza, Eighteenth Floor
5  San Francisco, CA  94111-3598
   Telephone:     (415) 421-6500
6  Facsimile:     (415) 421-2922

7  Attorneys for Plaintiff LTC (BVI) LIMITED

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11  LTC (BVI) LIMITED,                    Case No. 4:22-cv-03481-YGR

12              Plaintiff,                 **PLAINTIFF LTC (BVI) LIMITED'S
                                           MEMORANDUM OF POINTS AND
13       v.                                AUTHORITIES IN SUPPORT OF ITS
                                           MOTION FOR ATTORNEYS' FEES**
14  BRAUNHAGEY & BORDEN LLP,
                                           Date:       February 27, 2024
15              Defendant.                 Time:       2:00 p.m.
                                           Courtroom:  1
16                                         Judge:      Hon. Yvonne G. Rogers

17

18

19

20

21

22

23

24

25

26

27

28

*SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598*

**TABLE OF CONTENTS**

I.      STATEMENT OF ISSUES TO BE DECIDED ............................................................... 1

II.     INTRODUCTION ......................................................................................................... 1

III.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................... 2

        A.      LTC's Complaint Against BHB .......................................................................... 2

        B.      BHB's Answer And Removal .............................................................................. 3

        C.      Remand ................................................................................................................ 3

        D.      BHB's Appeal Of The Remand Order And Motion To Stay This Case ............... 4

        E.      The Ninth Circuit's Dismissal Of BHB's Appeal ................................................ 5

        F.      LTC's Motion To Transfer Consideration Of Attorneys' Fees To This
                Court .................................................................................................................... 6

        G.      The Attorneys' Fees Incurred By LTC To Defend Against BHB's
                Improvident Removal And On Related Proceedings ............................................ 7

IV.     ARGUMENT ............................................................................................................... 7

        A.      LTC Is Entitled To Recover Its Attorneys' Fees Incurred In The Federal
                Action. .................................................................................................................. 7

                1.      Section 1717 is applicable to any action that "involves" a contract. ........ 8

                2.      LTC is the "prevailing party" in the federal action................................. 10

        B.      The Court Should Award LTC Its Attorney's Fees, Which Were
                Reasonably Incurred. ......................................................................................... 11

                1.      The redactions in the submitted bills are necessary to protect
                        privilege and not material to assessing the reasonableness of the
                        fees sought. .......................................................................................... 11

                2.      The minimal block billing at issue does not warrant any reduction
                        to the fee award. ................................................................................... 13

V.      CONCLUSION ........................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### FEDERAL CASES

*Heritage Ford v. Baroff (In re Baroff)*,
   105 F.3d 439 (9th Cir. 1997) ...................................................................10

*Reudy v. Clear Channel Outdoors, Inc.*,
   693 F. Supp. 2d 1091 (N.D. Cal. 2010) ............................................9, 10

### STATE CASES

*Dell Merk, Inc. v. Franzia*,
   132 Cal. App. 4th 443 (2005) .....................................................................9

*DisputeSuite.com, LLC v. Scoreinc.com*,
   2 Cal. 5th 968 (2017) ...............................................................................11

*Hsu v. Abbara*,
   9 Cal. 4th 863 (1995) .......................................................................2, 7, 8

### FEDERAL STATUTES

28 U.S.C. ........................................................................................................5

28 U.S.C. § 1441(b)(2) ...................................................................................3

28 U.S.C. § 1444 ............................................................................................1

28 U.S.C. § 1447(c) ........................................................................................1

### STATE STATUTES

California Civil Code § 1717 ................................................................. *passim*

### OTHER AUTHORITIES

Ninth Circuit Rule 39-1.8 ..........................................................................2, 6

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

I.    **STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether, under a fee-shifting provision in an agreement that Defendant BraunHagey & Borden LLP ("BHB") invoked as the basis for its improper removal, the Court should award Plaintiff LTC (BVI) Limited ("LTC") the attorneys' fees it incurred to obtain an order remanding the case and to prevail over BHB's meritless appeal of that remand order.

II.    **INTRODUCTION**

BHB improperly removed LTC's complaint to this District by invoking—but **misstating and misrepresenting**—a forum selection clause that BHB contended **required** LTC to file suit in Federal Court.  ECF Dkt. No. 01.  LTC promptly moved for remand under the forum defendant rule (28 U.S.C. § 1444) on the grounds that LTC had properly filed the action in the state court of Defendant BHB's home state of California.  ECF Dkt. No. 01.  This Court (Honorable Yvonne Gonzalez Rogers) granted remand on that basis, finding that even if BHB could invoke the forum selection clause of a Stock Purchase Agreement entered into between LTC and a third party (the "SPA"), to which BHB was <u>not</u> a party or third party beneficiary, the clause makes "**no reference** to exclusive federal jurisdiction" or "waiver of the forum defendant rule," and instead "unconditionally provide[s] that this District and the state courts of California are proper."  LTC also sought sanctions under 28 U.S.C. § 1447(c), which caused Judge Rogers to rebuke BHB that its removal "could have resulted in the award of attorneys' fees."  ECF Dkt. No. 26.  Judge Rogers further warned BHB that she would be mindful of any future removal attempts in considering whether to award fees.  *Id.* at 4.

The very next day, notwithstanding Judge Rogers' admonition, BHB appealed this Court's remand order to the Ninth Circuit Court of Appeals ("Ninth Circuit"), based on its baseless and misleading contract arguments.  That appeal took more than a year, with BHB taking advantage of every possible opportunity to delay the appeal, including obtaining extension after extension to file every one of its briefs and delaying the scheduling of oral arguments.  LTC prevailed on the appeal: the Ninth Circuit dismissed the appeal on the grounds that it lacked jurisdiction to review this Court's remand order.  9th Cir. ECF Dkt. No. 36-1.  In other words, the Ninth Circuit implicitly agreed with this Court and determined that the forum selection clause in the SPA did not waive

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

the forum defendant rule.  Accordingly, the Ninth Circuit entered judgment in LTC's favor.

BHB having unsuccessfully invoked rights under the SPA, a written contract with an attorneys' fee provision, LTC is therefore entitled to recover its attorneys' fees as the prevailing party under that attorneys' fee provision pursuant to California Civil Code section 1717, which provides a reciprocal right to recover attorneys' fees "even when the party prevails on grounds that the contract is **<u>inapplicable</u>**, invalid, unenforceable or **<u>nonexistent</u>**, if the other party would have been entitled to attorney's fees had it prevailed."  *Hsu v. Abbara*, 9 Cal. 4th 863, 870 (1995) (emphasis added).  Here, BHB invoked a claim under the SPA and lost; LTC is therefore entitled to recover fees under the SPA's broad fee-shifting provision.

Pursuant to Ninth Circuit Rule 39-1.8, LTC obtained an order transferring consideration of LTC's request for contractual attorneys' fees to this Court, in part because this Court is more familiar with BHB's improper removal based on meritless contractual claims and procedural gamesmanship.  Such tactics by BHB have forced LTC to incur $151,629.00 in unnecessary attorneys' fees and, by simultaneously obtaining a stay of the state court action, achieve an 18-month delay in the prosecution of this multi-million dollar case.

### III.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

#### A.    LTC's Complaint Against BHB

On May 4, 2022, LTC filed a Complaint for negligence against BHB for failing to exercise reasonable care to secure its communications with LTC.  ECF Dkt. No. 1-1 (May 4, 2022 Complaint).  BHB's negligence allowed unknown perpetrators to utilize confidential deal communications to impersonate BHB staff and steal approximately $2.8 million from LTC. The stolen funds were earmarked for LTC's investment in Outdoorsy, Inc. ("Outdoorsy").  *Id*. ¶ 2. BHB, a California law firm, represented Outdoorsy in that transaction and facilitated the exchange of deal documents and LTC's transfer of funds. *Id*.  During that transaction, perpetrators penetrated BHB's email system, intercepted deal communications between LTC and BHB, impersonated BHB attorneys and staff in emails and a telephone call, apparently communicated with LTC via the genuine "braunhagey.com" email address of a member of BHB's deal team (as well as deceptively similar email addresses), and provided LTC with fraudulent wire instructions. *Id*.

¶¶ 25-27.  At least one BHB staff member became a presumably unwitting participant in the fraud by transmitting the fraudulent wire instructions to LTC. *Id.* ¶ 28.   LTC believed that the perpetrators' communications were genuine, and in reliance on those fraudulent instructions, wired approximately $2.8 million to the bank account provided in those instructions.  *Id.* ¶ 2.  Outdoorsy never received the wired funds. LTC claims damages from BHB in the amount of the $2.8 million in stolen funds, plus interest, which LTC has been unable to recover.  *Id.* ¶ 4.

### B.   BHB's Answer And Removal

BHB filed its Answer on June 13, 2022 and simultaneously removed the action to this Court of the Northern District of California ("District Court") on the grounds that LTC purportedly agreed to exclusive federal jurisdiction as to all disputes arising out of the SPA between LTC and Outdoorsy—an agreement to which BHB was not even a party.  ECF Dkt. No. 1-2 (June 13, 2022 BHB's Answer).  BHB did not meet and confer with LTC before removal. Declaration of Sanjeet S. Ganjam in Support of Motion ("Ganjam Decl."), filed concurrently herewith, ¶ 3, Ex. A.

### C.   Remand

LTC attempted to meet and confer regarding the improper removal before seeking remand, but those efforts were rejected. *Id.*, ¶¶ 5-6, Ex. B.   LTC then, timely, filed a motion to remand and for statutory sanctions.  ECF Dkt. No. 17 (Motion to Remand).  LTC argued that BHB's removal was improper under the long-standing "forum defendant rule" codified in 28 U.S.C. section 1441(b)(2), which prohibits removal by a defendant based on diversity jurisdiction when any defendant is a citizen of the state in which the action was filed.  *Id.*  LTC initiated this action in the Superior Court of California, the state in which Defendant BHB is a citizen and where BHB is subject to general jurisdiction.  *See* ECF Dkt. No. 1-1 (May 4, 2022 Complaint).  BHB, therefore, had no grounds to remove.

As to the SPA, LTC argued that BHB was not a party to, successor-in-interest, or third party beneficiary of the SPA and cannot enforce the agreement.  ECF Dkt. No. 17.   Even if it could, LTC argued, the SPA provides that disputes can be brought in **either** the "the state courts of California **or** the United States District Court for the Northern District of California." *Id.  See also*,  Ganjam Decl., Ex. C at 18 (emphasis added).

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

BHB opposed, but this Court rejected BHB's arguments summarily, without oral argument. On August 15, 2022, this Court promptly remanded the case:

> [P]laintiff argues that removal is prohibited under the forum defendant rule codified in 28 U.S.C. § 1441(b)(2)2; *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939-40 (9th Cir. 2006) (explaining that the forum defendant rule is a procedural rule that "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state"). Notably, defendant does not dispute that it is a forum defendant that was properly joined and served in the state court. Thus, it is conceded that removal was improper under well-established precedent absent some other basis.
>
> Defendant primarily opposes remand on the grounds that . . . plaintiff waived its right to assert the defendant forum rule as a procedural challenge to jurisdiction in the SPA's forum selection clause. Assuming for purposes of argument that defendant can invoke the forum selection clause (which is disputed), defendant has failed to carry its burden that plaintiff waived the forum defendant rule.
>
> [...]
>
> Here, **the SPA's Dispute Resolution provision makes <u>no</u> reference to exclusive federal court jurisdiction where subject matter is proper, let alone an unambiguous waiver of jurisdictional defects.**
>
> [...]
>
> Unlike the provisions outlined in the cases invoked by the defendant, **the terms of the forum selection clause <u>unconditionally</u> provide that this District *and* the state courts of California are proper**. . . . Defendant makes no argument rooted in contract interpretation to suggest that a different result should be reached . . . . This is detrimental to defendant's removal since federal courts "strictly construe the removal statute against removal jurisdiction," and federal jurisdiction "must be rejected if there is any doubt as to the right of removal."

ECF Dkt. No. 26 (Remand Order) at 2-4 (emphasis added, italics in original).

In denying LTC's request that BHB be sanctioned for improperly removing the case—the defendant is, after all, a California citizen being sued under California law for negligence taking place in California—the District Court admonished BHB: "defense counsel is forewarned. **<u>The motion could have resulted in the award of attorneys' fees</u>**. The Court will be mindful of any further motions to remand by defense counsel in the future." *Id.* (Remand Order) at 4 (emphasis added).

### D.    <u>BHB's Appeal Of The Remand Order And Motion To Stay This Case</u>

Unhappy with the ruling of the District Court, a day after the remand order was issued, BHB filed a Notice of Appeal of the Remand Order to the Ninth Circuit.  ECF Dkt. No. 28.  The

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 4 -

briefing took several months, and BHB requested extensions at least three times to file briefs.  E.g., 9th Cir. ECF Dkt. Nos. 7 (for opening brief), 19 (for reply brief), 40 (for opposition to Motion to Transfer).  BHB recycled the same arguments it had made unsuccessfully to the District Court, falsely arguing that the language supported some sort of waiver, when it indisputably did not.  *See* 9th Cir. ECF Dkt. No. 11.  Oral arguments did not take place until July 12, 2023, again because BHB claimed it had scheduling conflicts on earlier hearing dates that were available.  9th Cir. ECF Dkt. No. 28.

Soon after filing its appeal to the Ninth Circuit, and upon receiving basic discovery requests from LTC for documents that BHB would have had to produce whether the case proceeded in the San Francisco Superior Court or in this District Court, BHB moved to stay this action in the Superior Court.  Ganjam Decl., ¶ 10.  On October 28, 2022, the Superior Court granted the stay.  *Id*.  LTC's subsequent motion to vacate the stay order (which was made after the Ninth Circuit effectively affirmed this Court's remand order) was denied by the Superior Court Law and Motion Judge for the stated reason that LTC intended to bring this fee application before this Court.  *Id*.

### E.    The Ninth Circuit's Dismissal Of BHB's Appeal

On July 27 2023, the Ninth Circuit issued a short memorandum dismissing the appeal on the grounds that it had no jurisdiction to hear the appeal:

> We have jurisdiction to decide whether we have jurisdiction. *United States v. Ruiz*, 536 U.S. 622, 628 (2002). In this case we do not. **We lack jurisdiction over this appeal because the district court properly remanded the case pursuant to the forum-defendant rule,** which is a "non-jurisdictional defect subject to the 30-day time limit imposed by [28 U.S.C. ]§ 1447(c)." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 942 (9th Cir. 2006). The district court had the authority to remand because LTC properly moved to remand "within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); *see id.* § 1447(d) (stating that, absent an exception inapplicable here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise"); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346 (1976) (holding that "only remand orders issued under § 1447(c) and invoking the grounds specified therein . . . are immune from review under § 1447(d)"), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).
>
> **DISMISSED**.

9th Cir. ECF Dkt. No. 36-1 (bold added).  During oral arguments, both sides argued that the Ninth Circuit might have jurisdiction to review a remand order if it contradicted a contractual waiver of

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

the forum-defendant rule.  Ganjam Decl., ¶ 11.  Implicit in the Ninth Circuit's decision, therefore, is a finding that there was no contractual waiver of the forum-defendant rule, contrary to BHB's argument.  *Id.*

### F.   LTC's Motion To Transfer Consideration Of Attorneys' Fees To This Court

On August 24, 2023, LTC filed a motion under Ninth Circuit Rule 39-1.8 to transfer to this Court, the consideration of an award of attorneys' fees on appeal as the prevailing party under the SPA pursuant to Civil Code section 1717 (the "Motion to Transfer").[1]  *See generally*, 9th Cir. ECF Dkt. No. 39.  That rule provides in full:

> Any party who is or may be eligible for attorneys fees on appeal to this Court may, within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court or administrative agency from which the appeal was taken.

Circuit Rule 39-1.8.  The Motion to Transfer, in the alternative, sought an award of attorneys' fees directly from the Ninth Circuit and included briefing on the reasonableness of the fees incurred by LTC.  9th Cir. ECF Dkt. No. 39.  BHB opposed the Motion to Transfer, arguing that the Motion should be denied entirely because LTC is purportedly not entitled to fees.  *See generally*, 9th Cir. ECF Dkt. No. 44.  BHB argued, in the alternative, that any fee award should be reduced due to supposed deficiencies in the time records.  *Id*.  On December 27, 2023, the Ninth Circuit transferred the consideration of attorneys' fees to this Court, without reaching the issue of how much in fees LTC should be awarded.  9th Cir. ECF Dkt. No. 46; ECF Dkt. No. 33.

LTC sought transfer of the consideration of attorneys' fees to this Court because this Court is aware of BHB's numerous tactics designed to increase costs to LTC.  For example, immediately upon receipt of the removal papers, LTC previewed all of the reasons removal was defective and supporting authority in a lengthy meet and confer letter.  Ganjam Decl., ¶ 4.  On July 7, 2022 BHB incredulously responded that the letter did not address "the **core fact** set forth in BHB's removal papers: namely, that LTC expressly waived its right to contest the federal forum **in the SPA**."  *Id.*

---

[1] After the remand was affirmed on appeal, LTC had asked BHB to stipulate that determination of prevailing party attorneys' fees be deferred until the resolution of the state action, with all rights reserved by both sides, but BHB refused to so stipulate.  Ganjam Decl., ¶ 11.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

¶ 4 & Ex. B at 1 (emphasis added).  As with its opposition filed with this Court, BHB side-stepped the main issue—nothing in Section 6.15 of the SPA requires suits to be brought in federal court. LTC then asked BHB to stipulate to a reasonable briefing schedule whereby the parties could delay briefing on BHB's premature motion for judgment on the pleadings until <u>after</u> the court decided whether removal was proper in the first instance.  *Id*. ¶ 6.  BHB refused, stating:

> As for your request to indefinitely continue briefing on Defendant's motion for judgment on the pleadings, BHB respectfully declines.  That motion should dispose of this action, and we are not willing to indefinitely delay it based upon an unfiled motion for remand that LTC has waived the right to bring, and which appears to have little, if any, prospects of success.

*Id*., Ex. B at 1.  On LTC's administrative motion, this Court vacated the hearing on BHB's motion for judgment on the pleadings.  ECF Dkt. No. 19.  In doing so, this Court chastised BHB for its "improper gamesmanship" in the process: "[t]o the extent defendant did refuse to stipulate to a continuance [of the motion for judgment on the pleadings] pending resolution of jurisdictional issues, **such refusal is not well taken**."  *Id*. at 1 (emphasis added).  BHB's gamesmanship caused LTC to incur avoidable attorneys' fees for filing an administrative motion to vacate the hearing on the motion for judgment on the pleadings, as well as drafting an opposition to that motion in the event this Court did not agree to continue the hearing.  Ganjam Decl., ¶ 7.

### G.    The Attorneys' Fees Incurred By LTC To Defend Against BHB's Improvident Removal And On Related Proceedings

LTC has incurred attorneys' fees of at least $58,577.50 in this District for the remand, at least $76,180.50 for the Ninth Circuit appeal, and at least $16,871.00 to bring this Motion before this Court.  Ganjam Decl., ¶ 13.  By way of this Motion, LTC seeks an award of attorneys' fees for the sum total of $151,629.00, plus any additional fees incurred in preparing the Reply Papers and preparing for and attending any hearing on this Motion.  *Id*.

## IV.    ARGUMENT

### A.    LTC Is Entitled To Recover Its Attorneys' Fees Incurred In The Federal Action.

BHB having unsuccessfully invoked rights under the SPA in this action, LTC is therefore entitled to recovery of attorneys' fees as the prevailing party on the SPA pursuant to California Civil Code section 1717 and under the controlling California Supreme Court decision in *Hsu v.*

*Abbara*, 9 Cal. 4th 863 (1995), cited and discussed *supra*.  Section 6.8 of the SPA provides that

the prevailing party in a dispute is entitled to recover its attorneys' fees:

> 6.8 Expenses. . . . If any **action** at law or in equity is necessary to enforce or interpret
> the terms of this Agreement, . . .  the prevailing party **shall be entitled to
> reasonable attorney's fees**, costs and necessary disbursements in addition to any
> other relief to which such party may be entitled.

Ganjam Decl., Ex. C (SPA), p. 17 (emphasis added).[2]   Under Section 6.8, an award of fees to the

"prevailing party" in any "action" is mandatory.  Here, LTC is indisputably the "prevailing party"

in this federal "action," which has now been resolved and come to a close.  Thus, under California

Civil Code section 1717 ("Section 1717"), LTC is entitled to recover attorneys' fees from BHB -

even though BHB is not a party to the SPA because BHB asserted rights under the forum selection

clause of the SPA.  Section 1717 provides:

> In any action on a contract, where the contract specifically provides that attorney's
> fees and costs … shall be awarded either to one of the parties or to the prevailing
> party, then the party who is determined to be the party prevailing on the contract,
> **whether he or she is the party specified in the contract or not**, shall be entitled
> to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717 (emphasis added).  Section 1717 has been interpreted under California case

law as creating a reciprocal right to attorneys' fees "even when the party prevails on grounds [that]

the contract is **inapplicable**, invalid, unenforceable or **nonexistent**, if the other party would have

been entitled to attorney's fees had it prevailed."  *Hsu*, 9 Cal. 4th at 870 (emphasis added).

**1.    Section 1717 is applicable to any action that "involves" a contract.**

BHB argued in opposition to the Motion to Transfer that Section 1717 is purportedly not

applicable here because LTC has not brought "an action on contract."  Section 1717 does not limit

recovery of attorneys' fees to "**an** action on contract," as misquoted by BHB.  9th Cir. ECF Dkt.

No. 44 ("Opp.") at 1. (emphasis added).  It instead provides for recovery of attorneys' fees in "**any**

action on contract," so long as the dispute is encompassed by the fee provision in that contract.

---

[2] The copy of the SPA that BHB submitted in support of its removal and that is found in the
Excerpts of Record before this Circuit Court is a heavily redacted excerpt of the SPA that
conspicuously omits the attorneys' fee provision.  Accordingly, in support of this Motion, LTC
has submitted a more complete copy of the SPA (without its voluminous exhibits) as Exhibit C to
the Ganjam Decl.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Cal. Civ. Code § 1717 (emphasis added).  That difference matters.  *Dell Merk, Inc. v. Franzia*, 132 Cal. App. 4th 443, 455 (2005) ("California courts liberally construe the term 'on a contract' as used within section 1717.  **As long as the action involves a contract it is 'on the contract'** within the meaning of section 1717.").  (Citations and quotations omitted, emphasis added).  It is one of the bases on which <u>courts in California have allowed for recovery of attorneys' fees under Section 1717 even for tort claims, where one of the parties has asserted a contractual defense</u>, as demonstrated by the case discussed below.

In *Reudy v. Clear Channel Outdoors, Inc*., 693 F. Supp. 2d 1091 (N.D. Cal. 2010), the plaintiffs had sold a billboard to CBS under a purchase and sale agreement containing an attorneys' fee provision.  *Id*. at 1095.  As part of that agreement, the plaintiffs and CBS had entered into a release and covenant not to sue, whereby the plaintiffs had released CBS and its employees. The plaintiffs subsequently sued the defendants (including one CBS executive) for various business torts, but did not assert any contractual claims.  *Id*. at 1096.  The defendants prevailed on a motion to dismiss those tort claims by invoking the release in the purchase and sale agreement **as a defense**.  *Id*.  The successful defendants then sought recovery of attorneys' fees under the purchase and sale agreement.  *Id*.

The plaintiffs opposed the fee request, arguing that the fee-shifting provision did not apply because they, as plaintiffs, had not brought an action on a contract for "default," *i.e*., that they had not asserted any contract claims, which is substantively the same argument made here by BHB. *Id*. The fee provision at issue in *Reudy*, which is narrower than the one in this case, provided that "if either party is found in default of this Agreement and a final, non-appealable judgment is issued against said party for its default, then said party in default agrees to pay any and all costs arising as a result of said default, including reasonable attorneys' fees."  *Id*. at 1094.  The plaintiffs argued that the defendants' assertion of rights under the purchase and sale agreement, to which one of the defendants (the one CBS executive) was not a party, was not an "action on the contract" within the meaning of Section 1717.  *Id*. at 1095.  Senior District Judge Samuel Conti, however, rejected the plaintiffs' arguments and awarded fees:

[I]in granting the motion to dismiss, it was necessary to invoke the Agreement and

1  find it disallowed the very actions Plaintiffs were attempting to bring, and in this
   sense was an action "on the contract" within the meaning of Section 1717.

2  *Id*. at 1097.   Thus, on the basis of a contractual defense, the court awarded defendants their

3  attorneys' fees.  *Id*.

4      In support, Judge Conti relied on "[t]he *Thompson* case, cited by Defendants[, which]

5  confirms this principle - *i.e.* <u>the use of a contract as a defense to a tort action allows the prevailing</u>

6  <u>party to invoke the fee provision in the contract</u>."  *Id*. at 1098 (citing *Thompson v. Miller*, 112 Cal.

7  App. 4th 327, 336 (2003).) (emphasis added).  *Thompson v. Miller*, on similar facts, found that the

8  assertion of a contractual defense to a fraud claim brought the action within the contractual

9  attorneys' fee provision for the benefit of the prevailing party.  *See also Heritage Ford v. Baroff*

10 *(In re Baroff)*, 105 F.3d 439, 442 (9th Cir. 1997) ("Although Section 1717 limits the court's ability

11 to enforce an attorney fees clause to 'any action on the contract,' California courts liberally

12 construe 'on a contract' to extend to any action as long as an action '**<u>involves</u>**' a contract and one

13 of the parties would be entitled to recover attorney fees under the contract if that party prevails in

14 its lawsuit.")  (emphasis added).

15     BHB has also previously cited *Santisas v. Goodwin* to support its argument that Section

16 1717 is inapplicable to this case, but *Santisas*, unlike the cases discussed above, does not even

17 discuss what constitutes "an action on a contract."  17 Cal. 4th 599, 602 (1998).  The question in

18 *Santisas* was whether a defendant can ever have "prevailed" if plaintiff voluntarily dismissed the

19 action, and the Court concluded that Section 1717 operates to bar fee recovery in such cases.  *Id*.

20 The question of whether Section 1717 applies in a situation where a party asserts a contractual

21 defense to a tort claim was not at issue in that case and was not discussed whatsoever.

22          **2.      LTC is the "prevailing party" in the federal action.**

23     BHB also incorrectly argued in opposition to the Motion to Transfer that LTC has not yet

24 prevailed on the "contact claim" asserted by BHB.  However, BHB has lost the only contractual

25 defense that LTC has invoked here—namely, that the forum selection clause in the SPA entered

26 into between LTC and a third party, to which BHB was not a party or third party beneficiary,

27 should have applied even though it does not refer to exclusive federal jurisdiction.  9th Cir. ECF

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

Case No.                        PLAINTIFF'S MPA ISO MOT. FOR ATTORNEYS' FEES
4:22-cv-03481-YGR

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Dkt. No. 11 (Appellant's Opening Brief); Ganjam Decl., Ex. C at 18, § 6.15. Rather, the contract entitled the parties to sue in the state courts of California "**or**" the U.S. District Court of the Northern District of California. *Id.* This Court so found when it remanded the case. That ruling, and the appeal which was denied for lack of jurisdiction, confirm that LTC has prevailed on the only "contract claim" asserted by BHB.

BHB also cited *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968 (2017) in opposition to the Motion to Transfer, but the facts of that case are inapposite. Unlike here, that case involved an action for breach of contract in which the defendant prevailed on a forum non conveniens motion, resulting in the case being refiled in Florida. *Id.* at 972. The Court held that there was not yet a prevailing party in the case because the contractual dispute was not resolved but was ongoing in another forum. *Id.* at 977. In other words, there was not yet a "final resolution of the contract claims." *Id.* at 971.

Here, in contrast, there has been a final resolution of the only contract claim at issue, whether the SPA's forum selection clause required LTC to bring its claim in Federal Court. And as BHB conceded in its opposition to the Motion to Transfer, LTC prevailed on that claim. 9th Cir. ECF Dkt. No. 44 at 4. The undisputed fact is that the Federal Action has now concluded, except for the attorneys' fees to be awarded.

**B.    The Court Should Award LTC Its Attorney's Fees, Which Were Reasonably Incurred.**

The Court should award $151,629.00 in attorneys' fees incurred by LTC on BHB's improper removal, the remand, and subsequent appeal. Those fees, which total $75,448.50 at the District Court level, which consists of $58,577.50 on the original remand proceedings and $16,871.00 on this fee application, plus $76,180.50 on the Ninth Circuit appeal, are reasonable, as discussed below, and as evidenced in the detailed billing entries and descriptions submitted with and further discussed in the Ganjam Dec. LTC will seek in addition its fees incurred on the Reply Brief and on any hearing when those amounts become known.

**1.    The redactions in the submitted bills are necessary to protect privilege and not material to assessing the reasonableness of the fees sought.**

In opposition to the Motion to Transfer, BHB argued that any billing entry which contains

a redaction should be disregarded in its entirety.  LTC has partially redacted some entries (less than 40% of entries) to avoid a disclosure of attorney-client privileged communications and to preserve work product protections, but the redactions have been done in a manner that demonstrates what work was performed and describes the time spent without disclosing the contents of a privileged communication.   For example, the following entry shows time incurred on a strategy conference without revealing the contents of the conference:

8/18/22   SSG    Confer with F. Cialone regarding strategy for ███████████████              .20

Ganjam Decl., ¶ 26, Ex. D, p. 8.  Such redactions are necessary to preserve privilege and are consistent with Civil L. R. 54-5(b), which does not even require that the moving party produce invoices with time entries in the first instance, and general custom and practice on a fee application. The entry adequately describes the services provided (a 12 minute strategy discussion between two attorneys), yet BHB argued that recovery should be denied for that entire entry without justification.

In its opposition to the Motion to Transfer, BHB also cited *Logtale, Ltd. v. IKOR, Inc.* for the proposition that redacted entries should be disregarded, but that case in fact provides the opposite:

> Defendants ask the Court to "cast aside" Plaintiff's vague and redacted entries, relying on *Bell v. Vista Unified Sch. Dist.*, 82 Cal.App.4th 672, 689, 98 Cal. Rptr. 2d 263 (2000). However, *Bell* did not involve recovery of attorneys' fees under Section 1717, and, moreover, the appellate court there did not, in fact, cast aside the entries that were not sufficiently specific, but instead instructed the trial court to allow the plaintiff to recover a "reasonable percentage" of the fees claimed for those entries.

No. 11-cv-05452-EDL, 2016 U.S. Dist. LEXIS 192839, at **10-11 (N.D. Cal. Oct. 14, 2016).  The court in *Logtale* ultimately reduced the claimed fees by 5% to account for "vague" entries, but the opinion does <u>not</u> mention any corresponding reduction for entries that were justifiably redacted for privilege.  *Id*.

The better approach, as outlined in *Darling Int'l, Inc. v. Baywood Partners*, *Inc.*, is for the Court to conduct an *in camera* review of the unredacted bills.  No. C-05-3758 EMC, 2007 U.S. Dist. LEXIS 95402, at *22 (N.D. Cal. Dec. 19, 2007).  Following such review, the trial court there concluded that no reduction was warranted by the redactions because they were not material to

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 12 -

assessing the reasonableness of the fees. *Id.* (LTC is prepared to submit its unredacted bills for an in camera review by the Court.)

### 2. The minimal block billing at issue does not warrant any reduction to the fee award.

BHB also argued, in opposition to the Motion to Transfer, that the Court should discount certain unidentified entries containing "block billing." The majority of entries do not reflect any block billing. Where entries arguably contain block billing, it is readily discernible from the context what work was done. For example, the following entry may have tasks punctuated by a semicolon, but the narrative makes it clear that both the research and the drafting related to the same brief, and it is not generally practical to allocate time as between research and drafting:

| 6/23/22 | SSG | Draft opposition to motion to remand; research and analysis regarding same | 1.20 |

Ganjam Decl., ¶ 27, Ex. D, p. 2. Indeed, the entry would have been sufficiently accurate had it just read "draft opposition" without more.

Similarly, in other entries, the context makes it clear that one task is incidental to the main task. For example, the entry below included an attendant internal conference among the case team to discuss revisions relating to the meet and confer letter:

| 7/01/22 | SSG | Revise and send meet and confer letter regarding remand and motion for judgment on the pleading; confer with F. Cialone and J. Zeldin regarding same | 2.80 |

*Id.*, ¶ 28, Ex. D, p. 5. The amount of conference time is readily discernible from reviewing the corresponding entries by Messrs. Cialone and Zeldin, who spent 0.2 and 0.4 hours respectively. The ability to corroborate such entries eliminates any doubt as to the accuracy of the time entries. Given that few entries contain any sort of block billing, and in each of those instances it is readily discernible what work was done, no reduction is appropriate.

If the Court is at all inclined to reduce the requested amount of fees, it should reduce the amount by at most 10%, consistent with the practice in this District:

> The Court estimates that roughly 40% of the billings may be considered such block billing. The Court finds that a 10% reduction (at the lower end of the scale) is appropriate because there is little reason to doubt the overall veracity of the records, and the overall fee bill of the Miller Starr Regalia time is not unreasonable as discussed above.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

*Darling Int'l, Inc.*, 2007 U.S. Dist. LEXIS 95402, at \*26. BHB contended that of the $151,629.00 in attorneys' fees LTC seeks, entries totaling $17,280 contained "block billing." BHB referenced a document identifying such entries, but failed to actually submit that document with its papers, leaving LTC to speculate as to which entries are disputed. In any event, BHB cited a case suggesting that the appropriate reduction for block billed entries is between 10% to 30%, but opted for the highest reduction of 30% and asked that the award be reduced by a total of $5,184.00. Given that there is no reason to doubt the "overall veracity" of LTC's time records, the entries should not be reduced by more than 10%, *i.e.*, $1,728. (Additionally, if requested by the Court, LTC can provide additional detail as to each challenged entry (if BHB identifies the challenged entries) and estimates for allocation between tasks.)

## V.    **CONCLUSION**

For the foregoing reasons, the Court should award LTC its attorneys' fees totaling $151,629.00.


Dated:  January 10, 2024              SHARTSIS FRIESE LLP


                                      By:      SANJEET S. GANJAM

                                      Attorneys for Plaintiff LTC (BVI) LIMITED

10223696

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598