Ronald J. Fisher, Esq. (SBN: 298660)
fisher@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
theodore@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

Attorneys for Defendant
BRAUNHAGEY & BORDEN LLP

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

LTC (BVI) LIMITED, a British Virgin Islands limited company,

Plaintiff,

v.

BRAUNHAGEY & BORDEN LLP, a limited liability partnership, and DOES 1 through 20,

Defendants.

Case No.: 4:22-cv-03481-YGR

**DEFENDANT BRAUNHAGEY & BORDEN LLP'S OPPOSITION TO PLAINTIFF LTC (BVI) LIMITED'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES**

| | |
|---|---|
| **Date:** | February 27, 2024 |
| **Time:** | 2:00 PM |
| **Judge:** | Hon. Yvonne Gonzalez Rogers |
| **Dept:** | Courtroom 1 – 4th Floor |
| **Compl. Filed:** | May 4, 2022 |

## TABLE OF CONTENTS

INTRODUCTION .... 4

BACKGROUND .... 5

ARGUMENT .... 7

I. THIS COURT ALREADY DENIED LTC'S REQUEST FOR ATTORNEYS' FEES .... 7

II. CCP § 1717 DOES NOT ALLOW LTC TO RECOVER ATTORNEY'S FEES ON AN INTERLOCUTORY BASIS IN THIS NEGLIGENCE ACTION .... 8

A. LTC Cannot Be A "Prevailing Party" Because This Action Is Not Over; That Determination Should Be Made By the State Court at the Case's End .... 9

B. This Case Is Not An "Action on a Contract" .... 10

III. LTC'S REQUESTED FEES ARE NOT REASONABLE .... 13

CONCLUSION .... 14

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*City of W. Hollywood v. Kihagi*,
16 Cal. App. 5th 739 (2017) .......... 4, 9

*Dell Merk, Inc. v. Franzia*,
132 Cal. App. 4th 443 (2005) .......... 11

*DisputeSuite.com, LLC v. Scoreinc.com*,
2 Cal.5th 968 (2017) .......... 4, 9, 10

*Exxess Electronixx v. Heger Realty Corp.*,
64 Cal. App. 4th 698 (1998) .......... 5, 12

*Hill Phoenix Inc v. Classic Refrigeration Socal Inc*.,
No. SACV1900695, 2023 WL 4291116 (C.D. Cal. May 10, 2023) .......... 13, 14

*Hsu v. Abbara*,
9 Cal.4th 863 (1995) .......... 10

*Hughes v. S.A.W. Ent., Ltd.*,
No. 16-CV-03371-LB, 2019 WL 2060769 (N.D. Cal. May 9, 2019) .......... 4, 7

*In re Baroff*,
105 F.3d 439 (9th Cir. 1997) .......... 11

*In re Lithium Ion Batteries Antitrust Litig.,*
No. 13-MD-02420 YGR, 2018 WL 4215573 (N.D. Cal. Sept. 4, 2018) .......... 4, 8

*Kona Enters., Inc. v. Estate of Bishop*,
229 F.3d 877 (9th Cir. 2000) .......... 4, 8

*Logtale, Ltd. v. IKOR, Inc.*,
No. 11-CV-05452-EDL, 2016 WL 7743405, at (N.D. Cal. Oct. 14, 2016) .......... 14

*Loube v. Loube*,
64 Cal. App. 4th 421 (1998) .......... 10

*Moallem v. Coldwell Banker Com. Group, Inc.*,
25 Cal. App. 4th 1827 (1994) .......... 11

*Reudy v. CBS Corp.*,
430 F. App'x 568 (9th Cir. 2011) .......... 12

*Reudy v. Clear Channel Outdoors, Inc.*,
693 F. Supp. 2d 1091 (N.D. Cal. 2010) ........ 12

*Santisas v. Goodin*,
17 Cal.4th 599 (1998) ........ 5, 10, 11, 13

*Star Pac. Invs., Inc. v. Oro Hills Ranch, Inc.*,
121 Cal. App. 3d 447 (1981) ........ 11

*Thompson v. Miller*,
112 Cal. App. 4th 327 (2003) ........ 12, 13

*Xuereb v. Marcus & Millichap, Inc.*,
3 Cal. App. 4th 1338 (1992) ........ 11

**STATUTES**

28 U.S.C. § 1441(a) ........ 13

Cal. Civ. Code § 1021 ........ 12

Cal. Civ. Code § 1717 ........ passim

# INTRODUCTION

Plaintiff LTC (BVI) Limited's ("LTC") moves for fees pursuant to California Civil Code Section 1717 and a contractual prevailing party provision ***in a contract that LTC has repeatedly insisted BHB is a stranger to and so cannot enforce***. (Reply ISO Mot. for Remand at 4:5-6 ("BHB has no direct relationship with the contract and derives no benefit from it.").)

LTC brings this motion even though this Court already rejected LTC's first demand for fees on the ground that "case law on the waiver of the forum defendant rule is still being developed." (Remand Order at 4 (ECF No. 26).) LTC's attempt to take a second bite at the apple on a theory that it could have brought in its first motion should be summarily rejected as a deficient motion for reconsideration. *Hughes v. S.A.W. Ent., Ltd.*, No. 16-CV-03371-LB, 2019 WL 2060769, at *16 (N.D. Cal. May 9, 2019) ("A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'") (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *cf. In re Lithium Ion Batteries Antitrust Litig.,* No. 13-MD-02420 YGR, 2018 WL 4215573, at *3 (N.D. Cal. Sept. 4, 2018) ("***Plaintiffs must show some justification for filing a second motion, and not simply a desire to have a second or third run at the same issues***.") (emphasis original).

In any event, LTC cannot invoke Section 1717 because that provision only allows for an award of fees in an "action on a contract" to the "prevailing party" on the contract. LTC cannot satisfy either of these requirements.

LTC is not a "prevailing party" because this action is only at an "interim procedural step"—namely, selection of the litigation forum. *See City of W. Hollywood v. Kihagi*, 16 Cal. App. 5th 739, 753–54 (2017) ("[F]ees under section 1717 are awarded to the party who prevailed on the contract overall, not to a party who prevailed only at an interim procedural step."). Indeed, the California Supreme Court has made clear that the determination of who is a prevailing party occurs at the *end* of a litigation, not the beginning, and the fact that a party might prevail on a forum selection issue that results in dismissal in favor of another forum is not a basis for prevailing party fees. *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal.5th 968, 975 (2017) ("[A] victory [on a motion

to dismiss in favor of a different venue] was insufficient to make Score the prevailing party as a matter of law.").

More generally, the California Supreme Court has held that cases like this—in which LTC asserts a lone negligence claim—are not actions on a contract, and LTC therefore cannot invoke Section 1717 *at all*. *Santisas v. Goodin*, 17 Cal.4th 599, 615 (1998) ("[S]ection 1717 applies only to actions that contain at least one contract claim."); *Exxess Electronixx v. Heger Realty Corp.*, 64 Cal. App. 4th 698, 708 (1998) ("Civil Code section 1717 does not apply to tort claims."). This alone is sufficient to require denial of the motion.

*Third*, even if the Court were to entertain a fee award (which it should not) LTC has failed to provide any evidentiary basis to support an award, which separately requires denial—or at minimum, a reduction of at least $83,059.50 in fees that LTC is either clearly not entitled to or for which there is insufficient evidence. To give just one example, LTC once again seeks fees that this Court already declined to award. LTC also submitted impermissible block-billed entries that under California law, must be discounted to account for the imprecision.

In short, LTC's Motion is fatally flawed. It is also ironic: despite complaining at length that BHB's removal has delayed the state court action, LTC chose to bring this Motion now rather than before the state court—even though these proceedings only further delay LTC's prosecution of its substantive claim. (*See* Declaration of Ronald Fisher ("Fisher Decl."), Ex. 1 (Jan. 4, 2024 S.F. Superior Court Order denying LTC's motion to lift stay because "[a]djudication in the federal court has yet to reach finality, as remand attorney fee issues remain pending.").) This Motion—despite its lack of merit—should be adjudicated when fee motions are supposed to be determined: when there is a clear prevailing party at the close of the case.

In sum, the motion should be denied in full.

## BACKGROUND

LTC advertises itself as a sophisticated investment manager that provides rich European investors with access to cutting-edge deals and professional expertise. (ECF No. 1-2, Answer ¶ 8.) LTC was an investor in one of BHB's clients and a signatory to a stock purchase agreement ("SPA") between LTC and BHB's client.

On May 4, 2022, LTC sued BHB for negligence claiming damages based on an alleged cyberattack. (ECF No. 1-1.) BHB promptly removed the action based on diversity jurisdiction and on reliance of a forum selection clause in the SPA. (ECF No. 1.) BHB also moved for judgment on the pleadings ("MJOP") based on defects in LTC's pleaded negligence claim. (ECF No. 14.) LTC moved for remand to the San Francisco Superior Court ("Remand Motion"), which BHB opposed. (ECF Nos. 17, 21, 24.) LTC also never filed its opposition to BHB's MJOP. On August 15, 2022, this Court granted LTC's Remand Motion and denied BHB's MJOP (ECF No. 26). BHB timely appealed.

LTC did not contest the Ninth Circuit's jurisdiction to hear BHB's appeal of the Remand Motion. Rather, LTC conceded in its brief that, "[i]n light of the *Lively* decision, LTC does not contest the Court of Appeals' jurisdiction to hear this appeal." (No. 22-16252, Dkt. No. 16 at 2.) LTC reiterated that concession at oral argument. *See* Oral Argument, *LTC (BVI) Limited v. BraunHagey & Borden LLP*, No. 22-16252 (9th Cir. 2022) at 15:25-35 (Jul. 12, 2023), *available at* https://youtu.be/LZX8WZilzak?si=Dslb4NtIhIQi2ghI (LTC counsel stating: "Correct, Your Honor—the forum defendant rule is not jurisdictional, it's a procedural rule, and under *Lively*, it is waivable and it is reviewable on appeal."). The Ninth Circuit, however, disagreed with both parties, and on July 27, 2023, issued a memorandum opinion determining *sua sponte* that it did not have appellate jurisdiction to review the District Court's remand order.[1] *See* Mem. Op., *LTC (BVI) Limited v. BraunHagey & Borden LLP*, No. 22-16252 (9th Cir. July 27, 2023) (Dkt. No. 31) at 2.

One month after the Ninth Circuit denied BHB's appeal on the Remand Motion, on August 24, 2023, LTC moved for an award of attorney's fees or in the alternative to transfer such motion to the District Court. (No. 22-16252, Dkt. No. 39.) This motion came as a surprise to BHB, which had informed counsel that it would stipulate to addressing the issue of prevailing party fees at the

[1] LTC's various contentions in its motion that BHB's appeal was frivolous is belied by the fact that LTC itself conceded jurisdiction and did not argue the ground upon which the Ninth Circuit dismissed BHB's appeal.

conclusion of the litigation—when such determinations are typically made.

**From:** Ron Fisher <Fisher@braunhagey.com>
**Sent:** Thursday, August 24, 2023 5:37 PM
**To:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>
**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** RE: LTC v. BHB - Attorneys' fees

Gentlemen,

We were surprised to see this filing because I believed I had confirmed our waiver of a timeliness argument. I then investigated and realized that my below response was inadvertently hung up in my drafts. Please let me know if you would consider withdrawing the motion at this time and reserving this issue for the close of the case—which is the likely result here anyway.

Best,

Ron
Ronald J. Fisher
BRAUNHAGEY & BORDEN LLP
Direct: (415) 429-4539
Cell: (628) 200-1809

(*See* Fisher Decl., Ex. 2.) Counsel for LTC refused to withdraw its motion. On December 27, 2023, the Ninth Circuit issued an order which did not comment on the merits of the fees dispute, but granting LTC's request to litigate its fee motion in the first instance in this Court. LTC filed the instant Motion on January 10, 2024. (ECF No. 34.)

## ARGUMENT

### I. THIS COURT ALREADY DENIED LTC'S REQUEST FOR ATTORNEYS' FEES

LTC's request for fees fails at the outset because LTC is again seeking recovery of fees that this Court already declined to grant in its remand order. (*See* Mot. at 7 (seeking $58,577.50 for fees incurred in the district court litigating remand).) The Court denied LTC's request for fees litigating the motion for remand because "case law on the waiver of the forum defendant rule is still being developed." (Remand Order at 4 (ECF No. 26 at 4).)

LTC may not now resurrect its prior request for fees motion with theories and arguments it could have brought in its original motion but elected not to. *Hughes v. S.A.W. Ent., Ltd.*, No. 16-CV-03371-LB, 2019 WL 2060769, at *16 (N.D. Cal. May 9, 2019) ("A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could

reasonably have been raised earlier in the litigation.'") (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *cf. In re Lithium Ion Batteries Antitrust Litig.,* No. 13MD02420YGRDMR, No. 13-MD-02420 YGR, 2018 WL 4215573, at *3 (N.D. Cal. Sept. 4, 2018) ("***Plaintiffs must show some justification for filing a second motion, and not simply a desire to have a second or third run at the same issues***.") (emphasis original).

Nothing has changed before this Court to warrant reconsideration of LTC's request—particularly since LTC did not timely file a Rule 58 motion to modify the Remand Order, nor a Rule 60 motion for relief from the portion of the Remand Order denying LTC its fees. The Court should thus decline to entertain LTC's belated motion.

## II. CCP § 1717 DOES NOT ALLOW LTC TO RECOVER ATTORNEY'S FEES ON AN INTERLOCUTORY BASIS IN THIS NEGLIGENCE ACTION

LTC's request for attorneys' fees is contrary to California Code of Civil Procedure Section 1717, upon which it is based. That provision requires that there be a final determination of a prevailing party on a "contract" claim:

> In any action *on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, *then the party who is determined to be the party prevailing on the contract* . . . shall be entitled to reasonable attorney's fees in addition to other costs.

(emphases added). Here, LTC satisfies none of those grounds. It is not the "prevailing party" on a contract merely because it prevailed in having the case forum be identified as state court. Rather, the merits of that dispute and the determination of the prevailing party will be determined where LTC demanded this case go – the state trial court. Further, in any event, its claim is narrowly tailored as a "negligence" claim and not an "action on a contract" as required by the statute. For these independent reasons, LTC's Motion must be denied and the determination of prevailing party left for the court where the parties' dispute is to be heard.

### A. LTC Cannot Be A "Prevailing Party" Because This Action Is Not Over; That Determination Should Be Made By the State Court at the Case's End

Even if LTC's complaint was an "action on a contract"—and it is not—LTC is not the "prevailing party" on the contract, as required under Section 1717, because "fees under section 1717 are awarded to the party who prevailed on the contract overall, not to a party who prevailed only at an interim procedural step." *City of W. Hollywood v. Kihagi*, 16 Cal. App. 5th 739, 753–54 (2017) (collecting cases). Here, LTC has only succeeded on selecting a forum for the dispute, which the California Supreme Court has held is insufficient to support fees under Section 1717. *See DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal.5th 968, 975 (2017) ("[A] victory [on a motion to dismiss in favor of a different venue] was insufficient to make Score the prevailing party as a matter of law.") LTC notably does not cite any case holding that prevailing on a forum dispute entitles a party to fees under Section 1717, and BHB is unaware of any such authority. Accordingly, this motion is premature, and should be brought in the state court at the conclusion of the litigation—if at all.

*DisputeSuite.com* is controlling here. In that case, a party (Score) moved to dismiss two actions on forum non conveniens grounds based upon a forum selection clause, and prevailed. Score then moved for contractual fees, which were denied. Score then appealed, and the Court of Appeal affirmed the trial court's order holding that "Score was not entitled to fees because 'there has been no final resolution' . . . . [D]efendants obtained merely an interim victory by succeeding in getting the case moved from one forum to another." *DisputeSuite.com*, 2 Cal.5th at 972. The California Supreme Court granted review and again affirmed, holding that fees were properly denied because the claims were being litigated in the appropriate forum and thus neither party had prevailed. *Id*. at 981-82.

In its Motion, LTC claims that *DisputeSuite.com* is inapposite because that case involved a contract dispute that was still ongoing at the time of the fee motion. (Mot. at 11.) As LTC admits, "[u]nlike here, that case involved an action for breach of contract in which the defendant prevailed on a forum non conveniens motion" and that the *DisputeSuite.com* litigation "was not resolved but was ongoing in another forum." (Mot. at 11.) Thus, *DisputeSuite.com* is controlling in two ways: *first*, Section 1717 is only applicable in cases involving contract claims, which the instant case does

not (*see* Section II.B *infra*); and *second*, like in *DisputeSuite.com*, Section 1717 fee awards are not yet ripe where the action is still proceeding (even in a different forum).

Therefore, just as in *DisputeSuite.com*, LTC has "obtained merely an interim victory [of] succeeding in getting the case moved from one forum to another." *Id*. at 972. And just as in *DisputeSuite.com*, LTC is not entitled to fees under Section 1717 for prevailing on a procedural point. Prevailing parties are those who prevail *on the merits*. LTC's motion should thus be denied.

**B. This Case Is Not An "Action on a Contract"**

Even if this case were at its conclusion and LTC had prevailed on the merits, it *still* could not obtain Section 1717 fees because Section 1717 applies only to actions "on a contract"—meaning "actions that contain at least one contract claim." *Santisas v. Goodin*, 17 Cal.4th 599, 615 (1998). In other words, fee shifting in California is limited to breach of contract actions and does not extend to tort claims, regardless of their connection or affiliation with an underlying corporate transaction, as here. LTC's only cause of action in this case is for negligence, *not breach of contract*. (Compl. (ECF No. 1-1) at 9-10.) Therefore, "this action is outside the ambit of section 1717 insofar as it asserts tort claims." *Id.*; *see also Hsu v. Abbara*, 9 Cal.4th 863, 868 n.3 (1995) ("The argument ignored, among other things, that the cross-complaint was not a contract action for breach of the listing agreement but rather a tort action, and thus section 1717 did not apply."). LTC's fee demand thus fails at the first threshold, and none of LTC's arguments to the contrary have merit.

*First*, LTC incorrectly claims that California Supreme Court's decision in *Hsu v. Abarra*, and its progeny, holds that Section 1717's "any action on a contract" language extends to its negligence tort-based cause of action simply if it "involves" a contract. (Mot. at 8-10.) That is wrong as a matter of law. Section 1717 does not apply to tort-based claims, even where the parties have a contractual relationship.[2] *See, e.g.*, *Loube v. Loube*, 64 Cal. App. 4th 421, 430 (1998) (denying attorney's fees in negligence action, ruling "although the parties had a contractual relationship, and appellant's claim for legal negligence arose from the relationship between them,

[2] Although LTC has not initiated an action sounding in tort and not on the SPA, it remains bound by the limitations of liability, choice of law provision, and other covenants and commitments it made in the SPA.

which relationship was founded on a contract, the cause of action sounded in tort and was no more 'on the contract' than a claim for breach of fiduciary duty or for fraud involving a contract. It follows that Civil Code section 1717 provides no basis for an award of attorney fees."); *Moallem v. Coldwell Banker Com. Group, Inc.*, 25 Cal. App. 4th 1827, 1830 (1994) (denying attorney's fees under Section 1717 for negligence and breach of fiduciary duty action; "[T]he statute has consistently been held not to afford recovery of fees for tort claims arising out of or related to such a contract.").

LTC attempts to avoid these clear authorities by citing *Dell Merk, Inc. v. Franzia* for the proposition that "as long as the action involves a contract it is on the contract within the meaning of section 1717." 132 Cal. App. 4th 443, 455 (2005) (cleaned up); (Mot. at 9). But *Dell Merk* is inapposite (notwithstanding LTC's cherry-picked language) because the *Dell Merk* plaintiff ***did sue for breach of contract***. *Dell Merk,* 132 Cal. App. 4th at 455 ("The fact that Bank's contractual claim was baseless does not matter. It is nonetheless obligated, by virtue of Section 1717, to pay fees to the party that ultimately prevailed[.]"). The issue in *Dell Merk* was whether a non-signatory sued for breach could recover Section 1717 fees—not whether a party can recover Section 1717 fees in a case where only tort claims have been alleged. *That* question is answered fully—and in the negative—by *Santisas*, *Hsu*, *Laube*, *Moallem*, and numerous other binding authorities.[3] *See*, *e.g.*, *Santisas v. Goodin*, 17 Cal. 4th 599, 615 (1998) (holding that Section 1717 fees are only available in "actions that contain at least one contract claim."); *Xuereb v. Marcus & Millichap, Inc.*, 3 Cal. App. 4th 1338, 1342 (1992) ("Civil Code section 1717 has a limited application. It covers only contract actions, where the theory of the case is breach of contract, and where the contract sued upon itself specifically provides for an award of attorney fees incurred to enforce *that* contract.")

---

[3] LTC's citation to *In re Baroff* is also irrelevant. 105 F.3d 439, 443 (9th Cir. 1997). In *Baroff*, the claim at issue was to void a contract on fraudulent inducement grounds, which "is an action on a contract within the meaning of Section 1717." *Id*. (citing *Star Pac. Invs., Inc. v. Oro Hills Ranch, Inc.*, 121 Cal. App. 3d 447, 461 (1981) (recognizing that an attempt to "rescind [an] agreement between the parties. . . . was not upon a cause of action in tort" because "where the plaintiff contracts in reliance upon the fraud of the defendant, he may elect either the contract remedy, consisting of restitution based on rescission or the tort remedy, by affirming the contract and seeking damages.")).

(emphasis original); *Exxess Electronixx v. Heger Realty Corp.*, 64 Cal. App. 4th 698, 708 (1998) ("Civil Code section 1717 does not apply to tort claims.").

Notwithstanding these clear holdings, LTC argues that Section 1717 applies because tort lawsuits are actions "on the contract" where a party invokes a contractual defense.[4] (Mot. at 9-10, 11.) LTC's authority for this proposition is a special master report and recommendation that was adopted in federal court in *Reudy v. Clear Channel Outdoors, Inc.*, 693 F. Supp. 2d 1091, 1096 (N.D. Cal. 2010). Even if a federal district court's adoption of an R&R could override the California Supreme Court on an issue of California contract law (it of course cannot), LTC mischaracterizes *Reudy*. The fee provision at issue in *Reudy* was not a prevailing party fee provision, but a unique provision that awarding "any and all costs arising as a result of [a party's] default"—and because the *Reudy* plaintiffs had improperly sued despite signing an applicable release in the contract at issue, *the suit itself was a default on the contract*. *Id*. at 1097 ("Plaintiffs 'defaulted' in their obligations to Defendants by suing them for the types of claims they expressly released and covenanted not to assert against them."). And the Ninth Circuit later recognized in *Reudy* that Section 1717 did not support its result, expressly noting that "section 1717 of the California Civil Code does not apply." *Reudy v. CBS Corp.*, 430 F. App'x 568, 569 (9th Cir. 2011).

LTC's reliance on *Thompson v. Miller* is also misplaced. 112 Cal. App. 4th 327, 335-337 (2003). In *Thompson*, the California Court of Appeal found that a unique attorney's fee clause that award fees for any "dispute" could encompass a tort based upon a totally different statute—Cal. Civil Code Section 1021.[5] *Id.* at 337 ("The trial court erred in denying Miller's motion for attorney fees pursuant to Code of Civil Procedure section 1021."). And the *Thompson* court distinguished *Exxess Electronixx* (cited above) on the grounds that the agreement in *Exxess* provided for fees

> in an "*action*: to enforce the contract or declare rights under it. Here, the provision is different, providing for an award in a "*dispute*" under

---

[4] Undoubtedly, the underlying sale purchase agreement controls much of the potential liability in this case, and LTC could have elected to proceed on a contract cause of action had it wished to do so. But it did not. And, even if LTC were correct that asserting a contractual defense implicates Section 1717, a forum selection clause is not a contractual defense to the merits—and LTC thus still would not be entitled to fees merely for litigating the forum issue.

[5] LTC's motion does not seek fees pursuant to Section 1021.

> the agreements. A major difference between the two provisions is the term "dispute" instead of "action."

*Thompson*, 112 Cal. App. 4th at 335.

None of this helps LTC, because Section 6.8 of the SPA only permits a fee award for any "***action*** at law" (emphasis added)—precisely the language that *Thompson* confirmed does not encompass tort claims. *Id*. at 336 ("[H]ere, the specific language of the attorney fees provision is broader than the language of the provision in *Exxess Electronixx.* There is no limitation requiring that an action be brought to enforce the agreements or to declare rights under them. The attorney fees provision applies, simply, to 'any dispute under [the agreements].'")

In sum, because LTC's case is predicated on a lone negligence claim, it is "outside the ambit of Section 1717," *Santisas*, 17 Cal. 4th at 615, and LTC's motion for fees under Section 1717 accordingly should be denied.[6]

## III. LTC'S REQUESTED FEES ARE NOT REASONABLE

As discussed above in Section I, LTC has already sought fees related to litigation in this Court, which the Court denied. Thus, even if the Court is inclined to award fees (which it should not for the reasons articulated in Section II, *supra*) LTC's request should be reduced by $58,577.50, representing fees that LTC admits it incurred before the District Court.

Even if the Court concludes that LTC is entitled to fees under Section 1717 (which it is not), a substantial portion of LTC's requested fees are unsupported, and, therefore, unreasonable. Section 1717 only allows for recovery of "reasonable" attorney's fees, and LTC "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Hill Phoenix Inc v. Classic Refrigeration Socal Inc*., No. SACV1900695, 2023 WL 4291116, at *4 (C.D. Cal. May 10, 2023).

---

[6] LTC's motion confusingly refers to a "contract claim" asserted by BHB, (Mot. at 11), but BHB has not filed a cross-complaint in the state or federal action, and has not asserted any affirmative claims for relief. LTC also tries to miscast a removal to federal court as a separate "Federal Action[,]" (Mot. at 11), but that semantic trick is refuted by the removal and remand statutes themselves, which confirm that there is only one "action," even though that "action" may be removed to federal court, or remanded to state court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil *action* brought in a state court . . . may be removed by the defendant . . . to the district court of the United States"); *id.* § 1447(e) (noting that the effect of remand is to "remand *the action* to the State court.") (emphases added).

LTC's counsel, Shartsis Friese LLP ("SF"), admits that many of its entries are block-billed. (Mot. at 13.) Many of the entries in the invoices provided by LTC's counsel, Shartsis Friese LLP ("SF") contain redactions that render the "entries . . . too vague to allow the Court to ascertain their relation to" this case, *Logtale, Ltd. v. IKOR*, *Inc.*, No. 11-CV-05452-EDL, 2016 WL 7743405, at *4 (N.D. Cal. Oct. 14, 2016). As can be seen from Exhibit A attached to this motion, those heavily redacted entries account for $19,298 dollars of LTC's requested fees. LTC has failed to carry its "burden of documenting the appropriate hours expended in the litigation" with regard to these fees, and they should be denied. *See Hill Phoenix Inc.*, 2023 WL 4291116, at *4.

Additionally, SF's invoices include $17,280 in inappropriate block-billed entries. "Because block billing creates inherent ambiguities that prevent a trial court from evaluating the reasonableness of a fee request, courts in this circuit have repeatedly trimmed block-billed hours by between 10% and 30%." *Hill Phoenix Inc.*, 2023 WL 4291116, at *4 (collecting cases and reducing block-billed entries in calculating Section 1717 fee award). SF's block-billed entries should therefore be reduced by 30%, or $5,184.00.

In sum, if the Court concludes that LTC is entitled to fees (which it is not for the numerous reasons discussed above) LTC's requested fees should be reduced by at least an additional $24,482.00 (above and beyond the $58,577.50 reduction to account for fees LTC admits it incurred before the District Court), for a total reduction of $83,059.50.

## CONCLUSION

For the foregoing reasons, LTC's motion for attorney's fees should be denied.

Dated: January 31, 2024

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: *s/Ronald J. Fisher*
Ronald J. Fisher

*Attorneys for Defendant*
*BRAUNHAGEY & BORDEN LLP*