UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LTC (BVI) LIMITED**,<br>            Plaintiff,<br><br>     v.<br><br>**BRAUNHAGEY & BORDEN LLP**,<br>            Defendant. | Case No. 4:22-cv-03481-YGR<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 34 |

Pending before the Court is plaintiff LTC (BVI) Limited's motion for entry of attorneys' fees against defendant BraunHagey & Borden LLP ("BHB").

LTC contends they are entitled to such relief under a fee-shifting provision in an agreement BHB invoked as the basis for removing the instant case to federal court and which the Court construed on an earlier-filed motion for remand. BHB opposes the motion.

Having carefully considered the briefing, as well as the record in this case, and for the reasons below, the Court finds plaintiff is not entitled to fees. Thus, the motion is **DENIED**.[1]

### I.    BACKGROUND

The Court assumes parties' familiarity with the underlying facts and recounts here only those portions of the procedural history that are relevant to the disposition of the pending motion.

   A.  <u>Removal of the Underlying State Court Action to this Court</u>

On May 4, 2022, plaintiff LTC filed suit in San Francisco Superior Court against BHB. LTC alleged BHB failed to secure their internal systems against potential intrusions; that a cyber-attack compromised such systems; and that LTC's confidential communications were improperly accessed by the perpetrators of the attack. (Dkt. No. 1-1, Notice of Removal, Ex. A ("State Court Complaint") at 1.) As a result, LTC was provided "fraudulent wire instructions for the closing" of an equity investment they sought to make in Outdoorsy, Inc. (*Id.* at 1:18.) Plaintiff relied on the

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

1    accuracy of such instructions (believing they were sent by BHB, not bad actors) and were
2    defrauded of almost $3 million. (*See generally id.* at 1-2.)
3          BHB subsequently sought removal of the suit to federal court on the grounds that the case
4    satisfied the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a). (*See generally* Dkt.
5    No. 1, Notice of Removal.) Defendant argued that venue is proper in this district because it
6    encompasses the County of San Francisco, where the state court action was commenced, and
7    because "the transaction document governing [LTC]'s investment and which control[s] [their]
8    rights, obligations, and remedies . . . explicitly states that the parties 'irrevocably and
9    unconditionally submit to' 'the jurisdiction of the United States District Court for the Northern
10   District of California.'" (*Id.* at 3:28-4:4 (quoting Dkt. No. 34-2, Decl. of Sanjeet S. Ganjam in
11   Support of Mot., Ex. C (the "Stock Purchase Agreement" or "SPA") § 6.15.)
12      B.  <u>Plaintiff's Motion for Remand and Attorneys' Fees</u>
13         Pursuant to defendant's notice, the instant case was subsequently removed to this district
14   and eventually assigned to this Court. (*See* Dkt. No. 10.) Shortly thereafter, BHB moved for
15   judgment on the pleadings, and LTC moved for remand and attorneys' fees. (Dkt. Nos. 14 & 17,
16   respectively.) The Court resolved the motions in an order dated August 15, 2022. (*See* Dkt. No.
17   26, Order Granting Motion to Remand in Part; Denying Motion for Judgment on the Pleadings as
18   Moot (the "Prior Order").)
19         The Court's analysis in the Prior Order primarily concerned the contours of the forum
20   defendant rule, which plaintiff argued barred removal. (*Id.* at 2:8-15.) Because BHB did not
21   dispute that it is a forum defendant for the purposes of this case, the Prior Order focused on BHB's
22   assertion that "plaintiff waived its right to assert the [forum defendant] rule as a procedural
23   challenge to jurisdiction in the SPA's forum selection clause." (*Id.* at 2:16-18.) The Court
24   concluded that, "[a]ssuming for purposes of argument that defendant [could] invoke the [SPA's]
25   forum selection clause (which [was] disputed), defendant [] failed to carry its burden that plaintiff
26   waived the forum defendant rule." (*Id.* at 2:18-20.) More precisely, "the SPA's Dispute Resolution
27   provision" at issue made "no reference to exclusive federal court jurisdiction where subject matter
28   is proper, let alone an unambiguous waiver of jurisdictional defects." (*Id.* at 3:18-20; *see also id.*

2

at 3:21-4:1 (citing the relevant text of the SPA).) Accordingly, the Court found plaintiff did not waive the forum defendant rule and granted plaintiff's motion for remand on that basis.[2]

Only after the Court granted plaintiff's remand motion did it address LTC's request for attorneys' fees under 28 U.S.C. § 1447(c). That provision permits (but does not require) district courts to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" of a case to federal court which is subsequently remanded to state court. The Court concluded that "since case law on the waiver of the forum defendant rule is still being developed," removal was not "objectively unreasonable." (*Id.* at 4:20-21.) On this basis, the Court declined to exercise its discretion under Section 1447(c) to award fees. However, the Court warned that "[t]he motion *could have* resulted in" such an award and cautioned that it would "be mindful of any further motions to remand by defense counsel in the future." (*Id.* at 4:22-24 (emphasis supplied).) This is especially true as case law becomes less unsettled.

C. Defendant's Subsequent Appeal & Filing of the Instant Motion

BHB appealed this Court's Prior Order immediately after its issuance. (Dkt. No. 28.) On July 27, 2023, the Ninth Circuit issued a short memorandum opinion stating, in relevant part, "We lack jurisdiction over this appeal because the district court properly remanded the case pursuant to the forum-defendant rule . . . ." (Dkt. No. 31 at 2.) On August 24, 2023, LTC filed a motion requesting that the Court of Appeals transfer consideration of their request for attorneys' fees on appeal to this Court. (9th Cir. Dkt. No. 39-1.) The Ninth Circuit subsequently granted the request (Dkt. No. 33), and the instant motion is before this Court on that basis.

Notably, in the Prior Order, the Court exercised its discretion under 28 U.S.C. § 1447(c). By contrast, LTC now contends that it is "entitled," pursuant to California Civil Code Section 1717, "to recover its attorneys' fees as the prevailing party under" the SPA's attorneys' fees provision. (Dkt. No. 34-1, Plaintiff's Motion for Attorneys' Fees ("Mot.") at 2:2-9.) The attorneys' fees provision of the SPA provides in relevant part:

---

[2] Since the Court ordered that the case be remanded to state court, it did not reach defendant's motion for judgment on the pleadings. *See* Prior Order at 4:13.

3

> Each party shall pay its respective costs and expenses that it incurs with respect to the negotiation, execution, delivery and performance of this Agreement. *If any action* at law or in equity is necessary to enforce or interpret the terms of this Agreement, the Ancillary Agreements or the Restated Certificate, *the prevailing party shall be entitled to reasonable attorney's fees*, costs and necessary disbursements in addition to any other relief to which such party may be entitled.

(SPA at § 6.8 (emphasis supplied).)

## II.   LEGAL FRAMWORK

California Civil Code Section 1717 governs awards of attorneys' fees to prevailing parties in actions on contract. In relevant part, it provides:

> *In any action on a contract,* where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civil Code § 1717(a) (emphasis supplied); *see also In re Penrod*, 802 F.3d 1084, 1087 (9th Cir. 2015) (identifying the elements required to invoke the above-referenced statutory text, *i.e.*, that the dispute be "on a contract"). Typically, "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." *Id.* at § 1717(b)(1). The court nonetheless has the authority to "determine who is the prevailing party . . . whether or not the suit proceeds to final judgment." *Id.*

## III.   ANALYSIS

As a threshold matter, the Court must determine whether the instant motion is contemplated by the phrase "any action on a contract" and therefore falls within the scope of Section 1717. While parties engage on this topic in their briefs, neither sets forth, comprehensively, the legal framework for conducting such an evaluation. Thus, the Court begins by doing so.[3]

---

[3] Before reaching the merits of plaintiff's motion, the Court first addresses two issues raised by defendant. *First*, defendant contends that the instant motion is improper because LTC again seeks recovery of fees that the Court declined to grant in its Prior Order. This is incorrect. Insofar as it addressed attorneys' fees, the Prior Order decided a narrow question: whether the Court would exercise its discretion under 28 U.S.C. § 1447(c) to award attorneys' fees relative to LTC's motion for remand. *See* Prior Order at 4:20-24. The Court did not and has not ruled on the issue of whether plaintiff is entitled, under Section 1771, to recover fees relative to LTC's motion for remand including its appeal to the Ninth Circuit.

*Second*, BHB asserts that, "LTC may not now resurrect its prior request for fees motion

4

The California Supreme Court in *Santisas v. Goodin* addressed the meaning of Section 1717's "any action on a contract" language. There, the state high court held that an action "is outside the ambit of Section 1717 ***insofar as it asserts tort claims***." 17 Cal. 4th 599, 615 (1998) (emphasis supplied). It further explained:

> The operative language of Section 1717 states that it applies '*in any action on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred *to enforce that contract*, shall be awarded either to one of the parties or to the prevailing party . . . .' Consistent with this language, this court has held that Section 1717 applies only to actions that contain at least one contract claim. ***If an action asserts both contract and tort or other noncontract claims, Section 1717 applies only to attorney fees incurred to litigate the contract claims.***

*Id.* (cleaned up) (emphasis supplied). Said differently, the California Supreme Court has explicitly demarcated a distinction between, on the one hand, tort claims, and on the other, contract claims. The latter is not contemplated by Section 1717. The former is.

In general, federal courts, both in this district and at the Court of Appeals level, applying *Santisas* have reached similar conclusions about the meaning of the above-excerpted text. *See, e.g.*, *Bos v. Board of Trustees*, 818 F.3d 486, 489 (9th Cir. 2016) ("The California Supreme Court has explained that Section 1717 applies only to actions that contain at least one contract claim, and that if an action asserts both contract and other noncontract claims, Section 1717 applies only to attorney fees incurred to litigate the contract claims.") (cleaned up); *Carmel Financing, LLC v. Schoenmann*, 622 F.Supp.3d 830, 847 (N.D. Cal. Aug. 23, 2022) (holding that an adverse bankruptcy proceeding involving "a security interest that arose from" a contractual agreement was "on the contract" because "[i]t is not separate from the contract *as a tort claim would be*") (emphasis supplied).

Here, LTC brings one negligence claim against BHB arising out of BHB's cybersecurity practices. Plaintiff brings no contract claim against defendant. That said, the Court has not, and does not, make a finding that the two are inextricably tied. Accordingly, it makes no decision on that basis.

---

with theories and arguments it could have brought in its original motion but elected not to." Dkt. No. 37, Defendant's Opposition to the Mot. ("Opp'n") at 7:25-26 (citation omitted). The Court agrees in part. Here, plaintiff seeks fees incurred before and through the appeal to the Ninth Circuit of this Court's Prior Order. To the extent the instant motion seeks fees incurred *before* the Court's Prior Order, the motion is **DENIED** on this ground as an alternative basis. With respect to the fees incurred thereafter, this argument does not apply.

Further, the Court has not addressed the merits of the underlying action. It merely addressed a procedural issue on a remand motion. While the Court (and the Court of Appeals) parsed the terms of the SPA when adjudicating parties' dispute concerning the appropriateness of remand, this issue was distinct from the underlying merits of the action itself. Moreover, the contractual provision relates to "actions," not distinct disputes or motions. Given that the dispute on its face is one for negligence, the Court is bound to apply *Santisas* and its progeny to hold that, because the instant action sounds in tort, it is not "on a contract."

Plaintiff's two principle counterarguments do not compel a different result. First, LTC asserts that "Section 1717 is applicable to any action that 'involves' a contract," not just "actions that include at least one breach of contract cause of action." (Dkt. No. 39, Plaintiff's Reply in Support of their Mot. at 6:4-8.) Second, LTC contends that this action is "on a contract" "because BHB asserted a contract defense as its basis for opposing remand." (*Id.*) The Court only addressed an ancillary motion and is not in a position to decide whether the claim for negligence should somehow be viewed as contract based. In any event, the Court is not convinced.[4]

## IV.   CONCLUSION

For the foregoing reasons, the Court determines LTC is not entitled to attorneys' fees under the SPA and Section 1717 and **DENIES** the pending motion.

This terminates Dkt. No. 34.

**IT IS SO ORDERED.**

Dated: February 28, 2024

                                                  _____
                                                  **YVONNE GONZALEZ ROGERS**
                                                  **UNITED STATES DISTRICT COURT JUDGE**

---

[4] Plaintiff's arguments with respect to *Reudy* and *Thompson* are not particularly well taken. Insofar as plaintiff seeks to rely upon the Ninth Circuit's memorandum opinion in *Reudy*, the Court notes that such opinion is not precedential and contains no real analysis. *See generally Reudy v. CBS Corp.*, 430 Fed.Appx. 568, 569 (9th Cir. 2011). Plaintiff's reliance on *Thompson* is similarly unavailing. There, the attorneys' fee provision was far more expansive and applied to "any dispute." *See Thompson v. Miller*, 112 Cal.App.4th 327, 333 (2007).